# Ladd *et al.* v. Ladd *et al.*

### Sale of Land for Division.

1. *Lands; valuable only for the timber, evidence not confined to stumpage.*—In ascertaining the value of lands which are valuable only for the timber growing on them, it is error to confine the evidence to the stumpage.
2. *Same; value of how ascertained.*—When lands are valuable only for their timber the real issue in a contest over the report of sale for division is, whether the price bid for them at

the sale was greatly less than the value of the timber on the lands; and the same evidence should be allowed as would be proper in a suit in which the real issue was the value of the trees standing and lying on the land.

3. *Same.*—Evidence of the market value of the timber itself in near-by markets—there being no market at the land—and the cost of marketing it should be received to show the value of the timber as it stood on the lands and constituted the value of the lands themselves; the same rule obtaining here as in an action of trover for timber severed and converted.

4. *Same.*—Evidence of what other like lands in the same locality brought under like cricumstances, is competent, at least on cross examination; but evidence of what a witness intended to bid for the lands should not be admitted except perhaps on cross-examination.

APPEAL from the Probate Court of Mobile.

Tried before the Hon. PRICE WILLIAMS, JR.

J. M. Ladd and others proceeded regularly in the probate court of Mobile county to obtain an order or decree to sell for division certain land held by joint owners or tenants in common. U. V. Ladd and the other joint owners were made parties. The decree of sale was rendered, the sale had, and the report duly made by the commissioner and confirmed by the court. The lands in controversy in this appeal consisted of cypress timber lands lying on the east side of Mobile River and valuable chiefly or wholly for the timber growing thereon. This appeal is from the decree of confirmation, the appellants alleging that the lands sold for greatly less than their value, and seeking a reversal because of certain rulings of the court on the admission of evidence which they alleged were erroneous.

McINTOSH & RITCH, for appellants.—A witness cannot tell what he intended to bid; it has been held incompetent to show what offers have been made for property. *Ill. Cen. R. R. Co. v. LeBlanc,* 21 So. Rep. 748; *L. & B. R. R. Co. v. Ryan,* 8 So. Rep. 173; *Chicago R. R. Co. v. Catholic Bishop,* 19 Ill. 525. (2). When it is shown that there is no market value it is proper to prove its market value elsewhere with the cost of transportation. 1 Suth. on Dam. 796; Rapalje & Mack's Dig. Ry. Law, Vol. 5, p. 394; *Jones v. St. Louis, Iron Mt. & So. R. R.*

*Co.,* 42 Am. & Eng. R. R. cases, p. 496; *Grand Tower Co. v. Philips,* 19 Ill. 525.   (3.)   Proof of sale of similar property allowable.—Abbott's Trial Evidence, 309; *Loftin v. Chicago W. & N. R. R. Co.,* 33 Fed Rep. 423.

BESTOR & GRAY, *contra,* cited, *Meadows v. Meadows,* 81 Ala. 451.

McCLELLAN, C. J.—This is an appeal from the order of the probate court confirming a sale of land for division among tenants in common. The only issue litigated in the court below was whether the price paid for the land was greatly less than its value. The court overruled the exceptions made to the report and confirmed the sale. The questions presented for our consideration arise on the probate court's rulings upon the competency of testimony. The land in question was a body of about 1800 acres valuable only for the cypress timber on it. In arriving at the value of the timber the court confined the evidence to the stumpage, that is to the number of trees on the land and their value as they stood; and excluded testimony offered by the appellants going to show the value of the timber in the markets nearest the land and the costs of getting out the timber and transporting it to those markets. We think the court erred in this ruling. While it is true that it was the land and not the timber that was sold, this was so only in a nominal sense. It appeared most clearly that the land dissociated from the timber was wholly valueless. The purchase though nominally of the land was really of the timber upon it. Not only so, but all the evidence that was received by the court went directly to the value of the timber and only indirectly to the value of the land in that the timber valuation represented the entire value of the land. Under the peculiar circumstances of the case the real issue to be tried and which was tried was whether the price bid for the *land* at the sale was greatly less than the value of the *timber* on the land. And we see no reason for not applying the same rules of evidence in trying that issue that would have obtained had the sale been nominally as well as in reality of the trees standing on the land and of those which had been felled but had not been removed from the land, and we

think those rules should have been applied: Of course even under this view evidence of stumpage values was competent: that would still be one way of proving the issue; but it is not the only way. Evidence of the market value of the timber itself at near-by markets—there being no market at the land—and of the cost of marketing the timber should have been received to show the value of the timber as it stood on the land, and constituted the value of the land itself. This was independently competent, and it would also have gone to show the value of stumpage strictly speaking. The same rule should obtain here as in an action of trover for timber severed and converted.—*Illinois Central Railroad Co. v. LeBlanc,* 21 So. Rep. 748; *Grand Tower Co. v. Phillips et al.,* 23 Wall. 471, 479-80.

The facts that it was difficult to get this timber off the land and to market and that it could only be done at high stages of water which were of uncertain recurrence should, of course, be taken into account in ascertaining the net market value of the timber, but these considerations are just as much to be dealt with in fixing stumpage values, and in the former case no more than in the latter are they insuperable objections to the mode of proving the value of the land.

Evidence of the price at which other like lands in the same locality sold about the time of the sale in question, and under like circumstances, is competent at least on cross-examination.

Evidence of what witnesses intended to bid for this land should not have been admitted, except perhaps on cross-examination.

The judgment must be reversed. The cause will be remanded.