# Ladd *v.* Ladd, *et al.*

*Proceedings for Sale of Lands for Partition.*

1. *Partition of lands; evidence relating to the value thereof.*—In a proceeding for the sale of lands for partition, where the confirmation of the sale is resisted upon the ground of the inadequacy of the price paid, and there is evidence tending to show that there were cut from the lands by the purchasers, a number of trees, which constituted the principal element of value of the land, it is permissible for the re-

spondents to prove by one of the purchasers that they refused to allow the respondents to inspect or measure the timber that was so cut from the lands; such prevention, if unexplained, affording a legitimate inference of unfairness on the part of the purchasers upon the disputed question of quantity and value.

2. *Same; same.*—In such a case, evidence that there was a greater price than that paid by the purchasers offered for the land and timber, after the sale had been made and reported, is inadmissible.

APPEAL from the Probate Court of Mobile.

Heard before the Hon. PRICE WILLIAMS, JR.

John M. Ladd, Jr., and Frank M. Ladd, the appellees, filed their petition in the probate court of Mobile county praying that certain property be sold, for the purpose of division among the tenants in common who were the petitioners, and U. Virginia Ladd, Antoinette Ladd, Mary E. Chambers, Nettie Hollinger, Jessie Hollinger, Lewis Hollinger, Unity V. Hollinger, and Aline Hollinger. Necessary proceedings, orders and decrees were had, which resulted in a decree of sale on February 16, 1898, in and by which decree of sale James K. Glennon was appointed commissioner to make the sale.

The lands sought to be sold consisted of a large body of land situated about twenty-five miles above the city of Mobile, and divided by the Mobile river into what is described as the cypress lands lying east of Mobile river, and the pine lands lying west of Mobile river, and also a house and lot situated on State street in the city of Mobile, which house and lot constituted the residence and homestead of John M. Ladd, the father and grandfather of the parties to the litigation, at the time of his death.

The cypress lands, consisting of about 1,818 acres, were sold by the commissioner for $10,000 to John M. Ladd, Jr., and Frank M. Ladd. The sales of the pine lands and of the State street property have been duly confirmed and are not involved in this appeal. The sale of the cypress land was confirmed and the appellants, U. Virginia Ladd and Antoinette Ladd appealed from the decree of confirmation and the Supreme Court

[Ladd v. Ladd et al.]

reversed the decree and remanded the cause.—*Ladd v. Ladd*, 121 Ala. 583.

The lands involved in this controversy were valuable only for the cypress timber on it, and the value of this timber was the issue tried by the probate court in this proceeding. There was introduced evidence to show the number of cypress trees that were upon said lands. There was conflict in the testimony of the petitioners and the respondents, as to the number of trees available for timber standing upon the land. It was shown that after the decree of confirmation and pending the appeal to this court, the purchasers at the sale cut and removed from the land 1,250 trees.

After the cause was remanded, it was regularly set for hearing, and the court proceeded to examine the report of sale and witnesses in relation thereto, and again rendered its decree on the 12th day of July, 1899, confirming the sale and ordering a deed made to the purchasers. U. Virginia Ladd and Antoinette Ladd, and U. Virginia Ladd as guardian of Aline Hollinger, a minor, appealed from the decree. The facts pertaining to the rulings of the court upon the evidence on this appeal are sufficiently stated in the opinion.

McINTOSH & RICH, for appellants, cited *Ladd v. Ladd,* 121 Ala. 583; *Marks v. Cowles*, 61 Ala. 299; *Hamilton's Estate*, (Hay's Appeal), 51 Pa. St. 59; Rorer on Judicial Sales, p. 55, §§ 399, 429; *Hess v. Voss*, 52 Ill. 472.

GREGORY L. & H. T. SMITH, contra, cited *Ladd v. Ladd,* 121 Ala. 583; *E. T. V. & G. R. R. Co. v. Watson*, 90 Ala. 44; *Burks v. Hubbard*, 69 Ala. 384; *M. J. & K. C. R. R. Co. v. Riley,* 119 Ala. 260.

SHARPE, J.—This is the second appeal in a controversy which is solely about the value of lands sold for partition. See *Ladd v. Ladd*, 121 Ala. 583. Appellees, John M. and Frank M. Ladd, were the parties who petitioned for the sale, who bought thereat and who seek its confirmation. On the trial it was shown that the land derived its value chiefly from marketable timber thereon. It was further shown that after the sale the

purchasers cut from the land and carried to market about 1,250 trees, which the petitioners' evidence tended to show were of certain sizes, while appellants' evidence tended to show they were of greater size.

On the cross examination of Frank M. Ladd he was shown written communications previously sent in behalf of appellants to attorneys representing the purchasers which were in effect demands that appellants be allowed to have this timber measured so as to ascertain its cubical contents. In that connection, appellants having stated to the court their expectation of proving that such demands had been refused and after the witness acknowledged that one of the letters was shown to him, was asked the following question: "Now, after that you directed your counsel did you not to refuse to allow us to inspect or measure the timber?" An objection to the question was sustained, and in this there was error for which the judgment appealed from must be reversed. The timber having been a part of the land itself at the time of sale its quantity was certainly relevant to the fact directly in issue which was the value of the land including timber as it stood when the sale was made. It matters not that the witness testified as to the quantity. If he being a party to the suit and having the timber in his possession, prevented the appellants who were part owners of the land from obtaining evidence of the quantity of timber taken from it, such prevention if unexplained might have afforded a legitimate inference of unfairness weighing against the petitioners upon the disputed questions of quantity and value. As authority for the principle involved see *Bailey v. Shaw*, 24 N. H. 297; 55 Am. Dec. 241.

By the statute (Code, § 3182), proceedings for confirmation of sales under orders of the probate court for partition are made to conform to proceedings on sales for distribution of lands in the hands of executors and administrators. The fairness of the sale being unquestioned, the issue for the court was whether the land sold for a sum not greatly less than its value.—Code, § 174. In such cases the practice of advancing bids after the sale does not prevail. The court properly rejected

the evidence offered relative to an offer for the land and timber made after the sale had been made and reported.

Other rulings on evidence assigned for error are such as will not necessarily or probably occur on the next trial, and therefore need not be specifically passed on here.

Reversed and remanded.