[No. 12824.   Department One.   October 8, 1915.]

Town of Kirkland, *Respondent*, v. Katie Cochrane *et al.*,
*Appellants.*[1]

Eminent Domain—Compensation—Waters—Riparian Rights—
Sale of Waters—Evidence.   In proceedings to condemn riparian
rights by diverting a stream for a water supply, the owners of the
source of the stream are not entitled to augment their damages by
showing the value of the water supply as a commercial proposition,
aside from the value of the use of the water upon their lands, where
their only interest or right in the waters was that of riparian own-
ers, subject to lower riparian rights.

Same—Compensation—Riparian Rights—Evidence—Remoteness.
In such a case, it is not an abuse of discretion for the trial court
to exclude, as too remote and speculative, evidence of the possibil-
ity that all the riparian owners interested could combine so as to
enable them to jointly dispose of the waters for commercial pur-
poses; nothing of that sort being contemplated at the time.

Appeal—Review—Instructions.   It is not prejudicial to refuse
requested instructions which are covered in the general charge.

Appeal—Review—Harmless Error.   In proceedings to condemn
riparian rights by diverting a stream for a water supply, it is not
prejudicial error to receive in evidence ineffective appropriation no-
tices posted upon the land, where it was plain from the admissions
of counsel and instructions of the court that the jury could not
possibly have received the impression that the notices gave the re-
spondent any right whatever in the water, and they were only ad-
mitted to show a right to prosecute the proceedings and take the
waters for a public use.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered December 21, 1914, upon the
verdict of a jury awarding damages in condemnation pro-
ceedings.   Affirmed.

*Preston & Thorgrimson*, for appellants.

*Judson W. Shorett* (*Howard A. Hanson*, of counsel), for
respondent.

[1]Reported in 151 Pac. 1082.

Fullerton, J.—This is an eminent domain proceeding, wherein the town of Kirkland seeks to acquire the right to damage the riparian rights of the defendants by diverting water which by nature flows over their lands in a small, unnavigable stream; and also to acquire certain land owned by the defendants Cochrane for a pipe line right of way, and for a protection area surrounding the proposed intake to prevent contamination of the water to be taken. While there are a number of owners of the land and riparian rights sought to be taken, there are in fact only two tracts of land involved. The defendants Cochrane own one tract, while the defendants McGough and his associates own the other. The entire course of the stream involved is within these two tracts. It rises from springs on the Cochrane land and flows southwesterly, over both the Cochrane and the McGough lands, into Lake Washington, in King county. It is approximately one mile long. The trial before the court and a jury resulted in separate awards of damage to the owners of each of these two tracts, upon which judgments were entered accordingly. The defendants Cochrane have appealed. The defendants McGough and his associates have not appealed.

The principal contention here made in appellants' behalf is that the trial court erred in excluding evidence offered by their counsel upon the trial tending to show the profitable use to which the water flowing in this stream over their land could be put in furnishing a water supply to people who are not riparian owners; in other words, evidence tending to show the value of the water of the springs and of the stream as a commercial proposition aside from the value of the use of the water upon the land of appellants. While several questions along this line were asked by counsel for appellants and, upon objection of counsel for respondent, were by the court prevented being answered, the nature of the evidence so excluded by the court is rendered sufficiently plain by the formal offer made by counsel for appellants as follows:

"I offer to prove by the witness R. H. Ober that as a civil engineer he has had experience in estimating the cost of putting in water systems and the available income from the same; that he has made an investigation of the territory for a distance of three or four miles north and south and southwesterly from this property, and that there is within such territory approximately, at the present time, some five hundred families, or a population of approximately three thousand, including the city of Kirkland and the communities of Bellevue, Medina and Hunts Point; that there is enough available water in this stream for the furnishing of water for those communities and towns, and that a reasonable estimate of the net earnings of such a system, after paying interest upon investment and depreciation, would be approximately $4,700."

It is plain that the appellants have no interest or right in the waters of these springs, or this stream, other than a riparian right in connection with their ownership of the land, and that the right of defendants McGough and his associates to the waters of the stream is of the same nature. Manifestly, therefore, appellants would not, as the owners only of such riparian right attaching to their land, have the right to dispose of the water in the manner suggested by the offered evidence, in view of the lower riparian right of McGough and his associates. *Rigney v. Tacoma Light & Water Co.*, 9 Wash. 576, 38 Pac. 147, 26 L. R. A. 425; *Nesalhous v. Walker*, 45 Wash. 621, 88 Pac. 1032. Counsel for appellants apparently concede all of this, but proceed upon the theory that the jury might rightfully consider the possibility of appellants and McGough and his associates combining their riparian rights in the stream and then, as the owners of all the riparian rights, being enabled to jointly so dispose of the water. Counsel concede that this possible uniting of riparian interests for sale of the water to others is not in actual contemplation, but say that, "They are offering to show it is practicable." The court excluded this offered evidence, upon the theory that it was too remote and speculative

to have any real bearing upon the rights of appellants as against the respondent.

The range of inquiry to be permitted, touching the value of property taken or damaged by eminent domain proceedings, is often a very difficult one; but manifestly there must be some limit to it, otherwise there would result in most cases unlimited excursions into the field of mere speculation. Hence, when such question arises, there is involved to a considerable extent the discretion of the trial court. In *Seattle, Port Angeles & Lake Crescent R. Co. v. Land,* 81 Wash. 206, 142 Pac. 680, Judge Ellis, speaking for the court, said:

"The same considerations applicable to the assessment of compensation for the land actually taken apply with equal force to the assessment of damages to the remaining land, occasioned by the taking. In all such cases, the limit to the inquiry as to the possible future uses of the land as affecting value is left, to some extent, to the discretion of the trial court. *Fales v. Inhabitants of Easthampton,* 162 Mass. 422, 38 N. E. 1129; *Providence & W. R. Co. v. Worcester,* 155 Mass. 35, 29 N. E. 56. Any other rule would, in nearly every case, compel the court to permit unlimited excursions into remote collateral and speculative issues confusing to the real question of present market value."

Having this general rule in view, we see no substantial ground upon which we can hold that the trial court erroneously rejected this offered evidence. In other words, we think that its ruling thereon was not an abuse of its discretion. Counsel invoke the general rule that they are entitled to offer evidence of the value of appellants' land and water rights in connection therewith, for any use for which they are adapted. We are unable to see that the ruling of the trial court infringed upon this right of appellants. Had the appellants been the absolute owners of the water arising upon and flowing over their land, there would be some substantial ground for the contention; but in view of the fact that they did not have such ownership in the water and did not have the right to dispose of it as suggested by the offered evidence,

we think the question presented is easily distinguished from one where the property sought to be taken or damaged is within the absolute ownership of the defendant. Or, if appellants possessed the right of eminent domain so that they could by virtue of such right acquire all the riparian rights upon the stream below their land, the case might admit of such proof as was offered and rejected. We conclude that, in view of these considerations, and the conceded fact that there is no contemplation on the part of the parties concerned looking to the actual combination of these riparian rights to the end that the water might be disposed of as suggested by the offered proof, the trial court did not abuse its discretion in holding that the offered evidence was too remote and speculative to be admissible.

Counsel for the appellants complain of the refusal of the court to give to the jury certain instructions requested by them. But while the requested instructions were not given in the language requested, the appellants' rights thereunder were fully covered by the instructions which were given by the court at its own instance. These were as favorable to appellants as the facts of the case warranted.

During the trial, counsel for respondent offered in evidence two ordinary water appropriation notices, posted and filed by respondent prior to the commencement of these proceedings. These were received in evidence over objection of counsel for appellants, who insisted that they were void and of no effect, upon the theory that they were not posted upon public land, and that they were prejudicial in that they suggested to the jury some right on the part of respondent to take the water without full compensation. Whether these notices were in fact material as evidence to go to the jury, we need not now determine, since it seems plain to us from statements made by both counsel and the court in the presence of the jury, at the time the notices were offered and admitted, that the jury could not possibly have received the impression that

they gave to respondent any right whatever in the water as against appellants. . Counsel for respondent then expressly stated, "We know we have to pay for it," meaning the water. The court also said, "The jury will be instructed·that the compensation to be allowed to these owners is the diminution in the market value of the property regardless of the water appropriated," manifestly using the word "appropriated" in the sense of a claim on the part of respondent of the right to acquire it by condemnation in this proceeding. The notices seem to have been offered and admitted upon the theory that they were a necessary prerequisite to respondent's right to prosecute these proceedings, and as evidence tending to show that the water was to be taken for a public use. Whatever error there may have been, therefore, in admitting these notices in evidence, it was, we think, clearly without prejudice. We are of the opinion, from the record as a whole, that appellants had a fair trial.

The judgment is affirmed.

MORRIS, C. J., MAIN, MOUNT, and HOLCOMB, JJ., concur.