(130 So. 541)

### ALABAMA POWER CO. v. BERRY et al.

#### 6 Div. 511.

Supreme Court of Alabama.

Oct. 30, 1930.

Harwood & McQueen, of Tuscaloosa, and Martin, Thompson, Turner & McWhorter, of Birmingham, for appellant.

H. A. & D. K. Jones, Clarkson & Penick, and Wright, Warren & Searcy, all of Tuscaloosa, for appellees.

BROWN, J.

■ The general rule is that argument of counsel, made to the court on the law of the case, or in respect to the admissibility of proffered evidence, though it involves a statement of facts in the presence of the jury, may not be made the predicate for error, or grounds for a new trial. Louisville & Nashville R. R. Co. et al. v. Cross, 205 Ala. 626, 88 So. 908.

■ A well-recognized exception to this rule is, that such argument or statement persistently made, or improper questions asked in defiance of the ruling of the court, by counsel, intentionally for the purpose of getting before the jury facts or statements not admissible, and calculated to prejudice the judg-ment of the jury, demands prompt interference of the court, and a verdict obtained by such practice should not be allowed to stand. Birmingham Nat. Bank v. Bradley, 108 Ala. 205, 19 So. 791; Alabama G. S. R. R. Co. v. Ensley Transfer & Supply Co., 211 Ala. 298, 100 So. 342.

■ On cross-examination of appellant's witness Burgess, who had charge of the work of constructing the power line over the right of way here involved, after he had testified "the equipment necessary in building this line was teams, tractors, trucks and wagons; these wagons and teams go out on the line on the right of way and do the work, so much as we can where we can," was asked, "And where they can't they go over the adjoining property of the land owner, do they not?" The appellant objected to this question "as calling for evidence that was irrelevant, immaterial and incompetent, and the facts inquired about would be the subject of a separate cause of action."

In respect to the objection, appellees' counsel made the argument complained of, which appears in the statement of facts along with appellant's further objection and motion, and the ruling thereon.

The objection to this question was sustained, and whether that ruling was well grounded is not a question presented on this appeal, and as to this we express no opinion. But, pertinent to the bona fides of the argument, respectable authorities hold that, if the work has actually been constructed before the damages are assessed, it is proper to take into consideration damages caused by the construction work, and it will be assumed what was done was necessary to proper construction. Lewis on Eminent Domain (3d Ed.) 711. That the damages though temporary and incidental to the construction period is no reason why they should not be considered in making the assessment. Penney v. Commonwealth, 173 Mass. 507, 53 N. E. 865, 73 Am. St. Rep. 312; Watts v. Norfolk & W. R. R. Co., 39 W. Va. 196, 19 S. E. 521, 23 L. R. A. 674, 45 Am. St. Rep. 894.

We are clear to the conclusion that there is nothing in this record showing that the purpose of the argument was to lodge "in the minds of the jury as a prejudicial factor to influence their decision" the facts stated in arguing the question of the admissibility of the evidence, and that there was no abuse of the court's discretion in refusing to order a mistrial. Alabama G. S. R. Co. v. Ensley Transfer & Sup. Co., supra.

■■ The latitude and extent of cross-examination, of necessity, is a matter within the sound discretion of the trial court, and, in the absence of prejudicial abuse, is not reviewable on appeal. Cox v. State, 162 Ala. 66, 50 So.

398; Birmingham Nat. Bank v. Bradley, supra.

In the light of this rule we cannot affirm that the court erred in overruling the objections of the appellant, made the basis of assignments of error 2 and 3.

It was permissible for the landowner to show the condition of the crops on the premises affected by the construction work, and the value thereof before and after the power line was constructed. Long Distance Tel. & Tel. Co. v. Schmidt et al., 157 Ala. 391, 47 So. 731; 2 Lewis Em. Dom. (3d Ed.) § 724.

Defendants' witness Mills testified that he owned the adjoining land to the lands of defendant, the subject of the controversy; that he had lived on the adjoining land and had known defendant's land all his life; that he was familiar with the market value of the land in the community; that he knew the reasonable market value of defendant's land before the power line was erected, and gave his opinion as to the value of the land before and after the line was constructed.

The plaintiff's cross-examination of the witness developed the fact that, in making his estimate as to the depreciation of value, he had assumed that the defendants would have to pay taxes, and that the plaintiff would have the right to fence the right of way and exclude the defendants from its use. Thereupon plaintiff made motion to exclude his evidence as to the value of the land after the construction of the right of way, on the ground that the witness had included in his estimate irrelevant and immaterial matters.

The witness qualified under section 7656 of the Code 1923, and the fact that, in forming his opinion, he considered some irrelevant matters, goes to the credibility of his testimony, and not to its admissibility. Gossett v. Morrow, 187 Ala. 387, 65 So. 826. The rule is different where the opinion is predicated wholly upon immaterial matters. Winter & Co. v. Burt, 31 Ala. 33.

We note that the decisions of the Illinois court, upon considerations not pertinent under our law, follow a different rule. Illinois Power & Light Corporation v. Peterson, 322 Ill. 342, 153 N. E. 577, 49 A. L. R. 692; Mauvaisterre Drainage, etc., v. Wabash Ry. Co., 299 Ill. 299, 132 N. E. 559, 22 A. L. R. 944.

Miller-Brent Lumber Co. v. Douglas, 167 Ala. 286, 52 So. 414, Continental Casualty Co. v. Paul, 209 Ala. 167, 95 So. 814, 30 A. L. R. 802, American Cast Iron Pipe Co. v. Landrum, 183 Ala. 132, 62 So. 757, and Patton v. Texas & P. Ry. Co., 179 U. S. 658, 21 S. Ct. 275, 45 L. Ed. 361, cited by appellant, merely hold that, in actions predicated on negligence where the evidence, at most, would leave the question at issue to mere speculation or conjecture, it is not sufficient to justify the submission of the case to the jury. These cases are inapt as authorities here.

The matter of allowing the defendants' counsel to re-examine the witnesses as to the elements of detriment taken into consideration by them in forming their judgment as to the value of the land before and after the construction, was addressed to the court's irrevisable discretion.

Appellant earnestly insists that the damages awarded are so excessive as to indicate that the verdict was the result of passion, prejudice, partiality, or corruption, and should not be allowed to stand.

The soundness of this contention must be determined in the light of the evidence, the nature and extent of the right acquired by the condemnor, and that surrendered by the landowner.

If there is any detriment to the remaining lands not offset by special benefits, the measure of damages is the difference in the reasonable market value of the tract before and after the taking, and in no case less than the reasonable value of that taken. Alabama Power Co. v. Keystone Lime Co., 191 Ala. 58, 67 So. 833, Ann. Cas. 1917C, 878; Long Distance Tel. & Tel. Co. v. Schmidt, supra.

The character of easement and servitude acquired by the condemnor is a permanent right of way, 100 feet in width, and upward of one-half mile in length, embracing 6½ acres, through approximately the center of the tract, consisting of 149½ acres, used for farming, residence, and business purposes, and lying contiguous to the town of Elrod.

While the fee remains in the appellees, the easement and servitude extend to all uses directly or incidentally conducive to the advancement of the purposes for which the right of way was acquired, and the owner retains merely the title in fee, carrying the right to make such uses as in no way interferes with the full and free exercise of the easement. 10 R. C. L. 89, § 78; New Jersey Zinc & Iron Co. v. Morris Canal & Banking Co., 44 N. J. Eq. 398, 15 A. 227, 1 L. R. A. 133.

In addition to the rights above enumerated, the condemnor acquires a continuing servitude upon the adjacent lands, with the right to enter thereon and cut "danger trees" standing at the time of the condemnation and such as may grow at any time in the future. Wiggins v. Alabama Power Co., 214 Ala. 160, 107 So. 85.

The evidence was without dispute that the tract was valuable for farming purposes, and at the time of the construction of the power line had on it growing crops which were damaged in the construction of the line; that it was adjacent to the town of Elrod,

and had on it two or more mercantile stores, the post office, and thirteen residences—facts tending to show that it was valuable as a town site, a condition not purely imaginative or speculative, but uses so reasonably probable as to affect the market value, and legitimate to be considered in assessing the damages. W. A. Manda, Inc. v. City of Orange, 82 N. J. Law, 686, 82 A. 869, Ann. Cas. 1913D, 581; 10 R. C. L. 130, § 113.

Our decisions, following the requirements of the Constitution which hold in any event the landowner should be awarded the reasonable market value of the land within the limits of the right of way, that actually taken, recognize the fact that the condemnor acquires the substance of the property, leaving the landowner the naked fee and subordinate right of use where such right does not interfere with the easement.

The evidence is in conflict as to the extent of the damages suffered; the judgment of the witnesses ranging from $100 to $3,000.

Therefore, applying the well-established rule that "unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong. and unjust," we are not able to affirm that the court erred in refusing a new trial. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Central of Ga. Ry. Co. v. White, 175 Ala. 60, 56 So. 574; White v. Blair, 95 Ala. 147, 10 So. 257; Southern Railway Co. v. Kirsch, 150 Ala. 659, 43 So. 796.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.