8 So.2d 835

## HOUSING AUTHORITY OF BIRMINGHAM DIST. v. TITLE GUARANTEE LOAN & TRUST CO. et al.

### 6 Div. 908.

Supreme Court of Alabama.

May 28, 1942.

Rehearing Denied June 30, 1942.

Exum & Whitmire, W. H. Sadler, Jr., and Wm. L. Clark, all of Birmingham, for appellant.

Horace C. Wilkinson, of Birmingham, for appellees.

GARDNER, Chief Justice.

This is a condemnation proceeding instituted by petitioner, the Housing Authority of the Birmingham District (appellee here), against J. S. Abney and his wife seeking to condemn real estate owned ʋy the respondents, a lot 50 feet by 190 feet situated in Birmingham, Alabama. Title 19, § 1 et seq., Code 1940; Title 25, §§ 4, 5, Code 1940, General Acts 1935, pp. 85 and 126.

Upon the trial of the cause in the Circuit Court the jury fixed the valuation at $7,-350. Petitioner, insisting that the sum, from the evidence, was excessive, has prosecuted this appeal.

It was agreed between the parties that compensation was to be fixed as of June, 1940, and the only questions here presented relate to the matter of valuation, as the right of condemnation under the statute is unquestioned. Housing Authority of Phenix City v. Harris, 241 Ala. 419, 3 So.2d 54; Housing Authority of Phenix City v. Stillwell, 241 Ala. 420, 3 So.2d 55.

Petitioner insists the only rule applicable to this case on the question of "just compensation" was that which entitled the respondents to the reasonable market value of the property as of the month of June, 1940. As is well understood this is a general rule in cases of this character. "As a general rule the value of the property taken affords the measure of compensation. 'Value,' as used in this connection, is a relative term whose meaning depends on the circumstances; it ordinarily means market value, and hence the owner of the property taken is entitled to its market value, or the owner of property taken is entitled to its cash market value, fair market value, or fair cash market value, all of which expressions are substantially synonymous." 29 C.J.S., Eminent Domain, § 136, pp. 969, 970; 18 Amer. Jur. 875; Orgel on Valuation pp. 55–58.

Most generally our own Court has used the yardstick "reasonable market value". De Moville v. Merchants & Farmers Bank, 233 Ala. 204, 170 So. 756, 761; Alabama Power Co. v. Herzfeld, 216 Ala. 671, 114 So. 49; Dean v. County Board of Education, 210 Ala. 256, 97 So. 741; Jones v. New Orleans & S. R. Co., 70 Ala. 227. The expression "fair market value" appears to find favor in United States v. New

River Collieries Co., 262 U.S. 341, 43 S.Ct. 565, 567, 67 L.Ed. 1014. But as above indicated such expressions are considered as substantially synonymous.

■ Petitioner offered a number of witnesses duly qualified as experts in real estate valuation whose testimony tended to show that this particular lot had a market value in June, 1940, and that its valuation was estimated between $3,500 and $4,200. Though upon cross-examination the testimony of these witnesses may show no sales of real estate in that particular block in which this lot is situated or perhaps the adjoining block, yet the proof indicates sales in that area which may properly form a basis by way of comparison for the market value of the property here involved. The suggestion of counsel for respondent, therefore, that the evidence of these witnesses may be treated as in the nature of a "testimonial non-entity" referred to in some of our cases (Hicks v. Burgess, 185 Ala. 584, 64 So. 290; Stockburger Bros. v. Aderholt, 195 Ala. 56, 70 So. 157) is inapplicable to the facts as here presented.

■ The property here in question was purchased in 1925 and since held by the respondents as original purchasers. The proof shows, and indeed it is a matter of common knowledge that during that period very high prices prevailed for real estate. The purchase price was $15,000 and the assumption of a $900 improvement assessment. Upon consideration, therefore, the matter of reasonable market value we think it appropriate that the Court should have charged the jury as requested in petitioner's refused charge "X", to the effect that this original cost of the property in this remote period was not a proper factor in determining the market value of the property in June, 1940. State v. Bienville Water-Supply Co., 89 Ala. 325, 8 So. 54. Likewise charge 1-A was improperly refused to petitioner. Dean v. County Board of Education, supra. We do not mean to indicate a reversal of the cause could properly be rested upon refusal of these two charges in the light of the oral charge of the Court. But we think it proper charges of this character should be given.

■ Nor does it require any argument or citation of authority to demonstrate the inadmissibility of testimony tending to show the valuation of the property as enhanced by the contemplated improvement as a consequence of the condemnation proceeding.

As we read the record the 9th assignment of error dealing with the question propounded to the witness Whatley on his further direct examination calls for such an opinion of valuation as a consequence of the subdivision.

■ The question asked by petitioner which forms the basis of assignment of error No. 10 addressed on cross-examination to the witness Whatley should have been permitted. It related to a proper factor to be considered in the matter of opinion valuation concerning market value, "a willing purchaser and a willing seller". 29 C.J.S., Eminent Domain, § 137, p. 974; 18 Amer.Jur. 876.

■■ Nor do we think the respondent, J. S. Abney, should have been permitted to state that he had never placed the property on the market. Neither petitioner's desire to condemn nor the owner's unwillingness to part with the property is a proper subject matter of consideration. Alabama Power Co. v. Herzfeld, supra; Central Georgia Power Co. v. Mays, 137 Ga. 120, 72 S.E. 900; 18 Amer.Jur. 878.

■ It would appear from this record that the only effective purpose of this testimony was to show the owner's unwillingness to part with his property. Nor do we think the respondents should have been permitted to show by the proof and argue the question to the jury (assignments of error 12 and 13) that in 1927 the Title Guarantee Loan and Trust Company made a loan on this property of $8,000. By analogy the case of Alabama G. S. R. Co. v. Loveman Compress Co., 196 Ala. 683, 72 So. 311, is in point and sustains this conclusion.

■ Counsel for petitioner insist that under the evidence in this case the reasonable market value in June, 1940, is the only rule by which the jury can be guided in fixing "just compensation" to the owners. In the statement of their case, however, it appears to be conceded that evidence offered by respondents was to the effect there was no fair market for the property in June, 1940, and that the actual or intrinsic value was from $12,500 to $20,000. A careful reading of the record sustains this view.

Witness Whatley for the respondents, with many years of experience in real estate stated on his direct examination that it was his opinion there was "no market value at all for anything up in that section.

162

That is my opinion and experience, and personal knowledge". True when this witness was afterwards recalled his cross-examination indicated his opinion that the market value in June, 1940, was $4,500 or $5,000 and rendered less effective his original testimony on this question. Yet a consideration of his testimony was for the jury and the witness M. G. Abney, a brother of respondent J. S. Abney and the agent who negotiated the sale, testified in effect that this property and property in that section had no market value. He stated "that the property did not have a fair market value at that time". There was, therefore, supporting evidence for the jury's consideration to the effect that this property was without reasonable market value in June, 1940.

Upon the theory of no market value, therefore, other elements are to be taken into consideration, such as original cost, improvements on the property, the rents, the adaptability for future use and enjoyment and the opinion of witnesses in position to have a correct judgment as to value. De Moville v. Merchants & Farmers Bank, supra; Orgel on Valuation §§ 37 and 38; United States v. New River Collieries, supra; State v. Bienville Water-Supply Co., supra; 29 C.J.S., Eminent Domain, § 136, p. 972.

Upon the theory of no market value respondents were entitled to show the original cost of the property, the rental, the improvements including the street improvement assessment assumed by the purchaser, and the actual or intrinsic value of the property to the owner in the light of his anticipated use in connection with the business he had been operating elsewhere for years.

Objections to this character of proof (assignments of error 1 through 9) were not well taken. In view of this theory of the case charges 6 and 4 requested by petitioner (assignments of error 16 and 19) were properly refused. But charges 11 and 13 given for respondents (assignments of error 21 and 22) were erroneous and should have been refused.

When it is considered that the owners of this property paid $15,000 for the lot in 1925 and that this fact, in connection with other expenditures, was properly before the jury upon the theory of no market value, we think these charges were properly interpreted by the jury as instructing them to reimburse the owners, at least in a large part, for their outlay notwithstanding the property had a reasonable market value. In short, as we view these charges, they authorize the jury to disregard the proof that this property had a reasonable market value.

But as we have observed, if the jury was of the opinion the property had a market value, these elements of original cost and the like were to be left to one side, and were to be considered by them only in the event their finding was to the effect there was no market value. The two theories were to be kept separate and distinct and the first duty of the jury was to determine the pivotal question as to whether or not in June, 1940, the property had a market value. Under the evidence, therefore, charges of this character which ignored the theory of a market value were prejudicially erroneous.

What has been said should suffice for another trial of the cause.

For the errors indicated the judgment must be reversed.

Reversed and remanded.

THOMAS, BROWN, and FOSTER, JJ. concur.