35 So.2d 545

**THORNTON v. CITY OF BIRMINGHAM.**

**6 Div. 620.**

Supreme Court of Alabama.

May 27, 1948.

Thos. E. Huey, Jr., and Wm. L. Clark, of Birmingham, for appellee.

Taylor, Higgins, Koenig & Windham, of Birmingham, for appellant.

654

gence in presenting the respective contentions, as well as knowledge of the pertinent principles, and our view is that the trial proceeded without prejudicial error to the appellant.

The general rule, supported by overwhelming authority, is that evidence of the price paid by the owner for the property sought to be condemned is admissible as tending to illustrate or bearing probatively on its market value, unless the sale was too remote in point of time from the condemnation proceedings as to afford no fair criterion of present value, or if otherwise shown to be without probative force, as where the sale was not a voluntary one or where other special considerations conduced the sale at other than the true market value. 29 C.J.S., Eminent Domain, § 273, page 1267; 18 Am.Jur. 994, § 351; 2 Nichols on Eminent Domain, 2d Ed., 1191, § 454; Orgel, Eminent Domain, 638, § 207; Cases, note 80, 20 C.J. 987, § 388; 29 C.J.S., Eminent Domain, § 273; City of Tulsa v. Horwitz, 131 Okl. 63, 267 P. 852; City of Spokane v. Williams, 157 Wash. 120, 288 P. 258; City of St. Louis v. Paramount Shoe Mfg. Co., 237 Mo.App. 200, 168 S.W.2d 149(13); United States v. A Certain Tract or Parcel of Land, D. C. Ga., 47 F.Supp. 30(6); Hanson Lumber Co., Ltd., v. United States, 261 U.S. 581(5), 43 S.Ct. 442, 67 L. Ed. 809.

And, on the question of the remoteness of time of the purchase of the property by the owner, the rule seems to be that much is left to the discretion of the trial court. City of Tulsa v. Horwitz, supra; City of Spokane v. Williams, supra; Town of Kirkland v. Cochrane, 87 Wash. 528, 151 P. 1082; Patch v. Boston, 146 Mass. 52, 14 N.E. 770.

SIMPSON, Justice.

The appeal arises from a judgment awarding damages to a landowner, appellant Thornton, in an eminent domain proceeding instituted by the City of Birmingham to condemn the property for a city park. The assignments of error all relate to questions pertaining to compensation due for the taking. The case was painstakingly tried. The parties were ably represented by skillful counsel who exhibited much dili-

In the case at bar the evidence of the price paid by the appellee about two years prior to the time of taking was therefore properly to be considered for whatever it was worth in ascertaining the fair market value on condemnation, and the court committed no error in connection with its admission.

It is argued by counsel that Housing Authority v. Title Guarantee Loan & Trust Co., 243 Ala. 157, 8 So.2d 835, enunciated

a different principle to the effect that where the property taken had a current market value, evidence of the original cost was inadmissible. Such was not the intent of the holding. On the theory of no market value, and as a practical rule of necessity in the circumstances there disclosed, proof of original cost fifteen years previously was allowed (State v. Bienville Water Supply Co., 89 Ala. 325, 8 So. 54) as contradistinguished from the exclusion of such evidence if the property at the time of condemnation had a market value, the evidence being excluded under the latter status by reason of the remoteness of time. The court pointed out in that case that under such latter status "original cost of the property in this remote period was not a proper factor in determining the market value of the property." 243 Ala. at page 161, 8 So. 2d at page 838.

■ In order to show the adaptability of the property for a subdivision which, in the circumstances appearing, was a proper element for consideration of the jury in assessing the damages (Alabama Central R. Co. v. Musgrove, 169 Ala. 424, 53 So. 1009, and cases cited; Alabama Power Co. v. Herzfeld, 216 Ala. 671, 114 So. 49; Alabama Power Co. v. Berry, 222 Ala. 20, 130 So. 541), appellant, to rebut certain testimony of an adverse witness as to the high cost of laying out such projected subdivision, sought to introduce a letter from a contractor submitting a proposal to do the work at a considerably lower cost. This was but manufacturing evidence for himself and was the plainest hearsay, and the court ruled correctly in disallowing it. It would not have been permissible for appellant to testify as to the ex parte oral statements of the contractor and "a statement otherwise objectionable as hearsay does not become competent because it has been reduced to writing." 31 C.J.S., Evidence, § 194, page 930; Ex parte McLendon, 239 Ala. 564, 195 So. 733; Southern Life & Health Ins. Co. v. Williams, 230 Ala. 681, 163 So. 321.

■ An analogous principle also condemns the effort of the appellant to introduce a tentative plan of a subdivision of the property, showing the prospective selling price of the individual lots therein. Evidence of value of the property for any use to which it is reasonably adapted is, as already stated, admissible but the proof must be so limited and the testimony restricted to its value for such purpose. Of probative tendency on this issue is the offer of a proposed plan or a possible scheme of development, and the trial court so held, but it was not permissible to incorporate in such a plan the speculative price of the individual lots. Nichols on Eminent Domain, supra, p. 1170, § 445; Rothenberger v. City of Reading, 296 Pa. 423, 146 A. 104. We note the following pertinent statement from Nichols on Eminent Domain, supra:

"As bearing upon these issues [market value] the owner may offer a plan showing a possible scheme of development for the purpose for which it is most available, but he cannot go further and describe in detail to the jury a speculative enterprise for which in his opinion or that of some expert the land might be used, and base his estimate of value upon the profits which he would expect to derive from the enterprise." (P. 1170)

■ The next contention of appellant is that he should have been allowed to introduce in evidence certain recent offers of purchase which he had received for the property in question. This court is definitely committed to the rule that "this is not the way to show the reasonable market value of land." Dean v. County Board of Education, 210 Ala. 256, 97 So. 741, 745. The amount for which an owner could have sold his property or which a prospective purchaser might have been willing to pay is influenced by too many fortuitous circumstances to be relevant on the inquiry of value to be admissible as substantive proof thereof by the owner in a condemnation proceeding. Tennessee Coal Iron & R. Co. v. State, 141 Ala. 103, 37 So. 433; 22 C.J. 179, § 122; 31 C.J.S., Evidence, § 182. This seems to be the general rule. 31 C.J.S., Evidence, § 182c, page 887; 22 C.J. 179, § 124; 20 Am.Jur. 341, § 375.

The Dean case, supra, cited with approval Sharp v. United States, 191 U.S. 341, 24 S.Ct. 114, 48 L.Ed. 211, which exhaustively discussed the proposition, and we take the liberty of quoting from that decision, to wit:

"Oral and not binding offers are so easily made and refused in a mere passing conversation, and under circumstances involving no responsibility on either side, as to cast no light upon the question of value. It is frequently very difficult to show precisely the situation under which these offers were made. In our judgment they do not tend to show value, and they are unsatisfactory, easy of fabrication, and even dangerous in their character as evidence upon this subject." 191 U.S. at page 349, 24 S.Ct. at page 115. '

Our own court in the Tennessee Coal Iron & R. Co. case, supra, also gave expression to similar rationale where it was observed in speaking to an analogous question:

"This was no more than to show that the witness was at the time of the offer willing to give the stated sum for the property, and stands upon a footing analagous to that of an offer to prove that a person intended to bid a certain amount for the property the value of which was in issue, which was held to be inadmissible in Ladd v. Ladd, supra [25 So. 627, 121 Ala. 585, 585, 586]. The offer is upon a lower plane as evidence of the would-be purchaser's estimate of value than actual payment by him for obvious reasons, and many considerations having no bearing upon the market value might have conduced to the owner's rejection of it; and to receive such evidence in any case of this sort may well lead to collateral inquiries and confusion of issues." 141 Ala. at pages 109, 110, 37 So. at page 435.

We therefore cannot affirm error in the court's ruling in refusing the introduction of such proof.

■ Likewise, for the same reason, was it proper to inhibit the proof by the defendant that his witness "as a practical builder would be interested in buying lots in a proposed subdivision of that kind."

■ Appellee's expert witness, Manley, testified on direct examination that in his opinion the market value of the land was $5,000. Appellant brought out on cross-examination that this opinion was influenced by the fact that he did not think the property was adaptable for subdivision purposes by reason of its topography, necessitating great expense in its development as such. The witness was specifically interrogated at this juncture by appellant's counsel as to certain of the costs incident to such a development. There was therefore no error in permitting the witness on redirect examination to detail other items of cost he considered necessary to a complete development of the property as a subdivision and to give his estimate of the total of such costs. While it was open to appellant to have further cross-examined the witness on this new matter interjected, the question of costs having been brought into the case by appellant's cross-examination of the witness, it was competent, in the discretion of the court, that the witness be re-examined as to the various material elements taken into consideration in forming his judgment of the value and thus to reinforce his opinion by showing the grounds on which it was based. Alabama Power Co. v. Berry, 222 Ala. 20(10), 130 So. 541; 32 C.J.S., Evidence, § 521, page 219.

■ The same principle disposes of the contention that error prevailed in permitting the witness Manley on redirect examination to testify that one could purchase on the current market and when the land was condemned a tract of land for substantially less than the additional cost of developing the subject property by reason of the topography. This was but an inquiry into an element considered by the expert witness in forming his judgment of value and, as pointed out in the Berry case last cited, to permit such was addressed to the court's discretion (222 Ala., at page 24[10], 130 So. 541). An expert witness may exemplify his judgment by relevant and admissible facts in support thereof "but the facts so stated do not become [independent] evidence in the case." Such facts merely reinforce and serve to illustrate such expert's opinion. 32 C.J.S., Evidence, § 521, page 219; 2 Nichols on Eminent Domain, 2d Ed., § 453, pp. 1189-1190.

■ Like rationale answers assignment of error 30 challenging the trial court's ruling in sustaining objection to the question propounded to the defendant, to wit: "Q. Are you familiar with the cost of laying these streets in November, 1945,

such as would be required in a subdivision of this particular piece of property?" The objection specifically pointed out that at this stage of the interrogation the inquiry was out of order; that as a predicate therefor the witness would first have to be qualified to and give an opinion of the market value of the property. The question sought to elicit from a proposed expert witness an element which conduced to his opinion of value without first showing that he had an opinion. As noted in 32 C.J.S., Evidence, § 521, page 219, the party offering an expert is at liberty to reinforce his judgment by showing the grounds on which it is based, but facts so stated do not become independent evidence to establish the fact of inquiry. The question, here, sought to elicit substantive evidence of a collateral nature outside the pertinent inquiry and was without the range of interrogation permitted by the stated rule and the court committed no error in its rejection. See also Nichols, Eminent Domain, p. 1190, § 453; Chicago, R. I. & P. R. Co. v. Jackson, 63 Okl. 32, 162 P. 823.

■ The remaining assignments charge error in the ruling of the trial court in failing to grant a new trial on the ground of the alleged inadequacy of the damages assessed. The rule governing such a review is well understood. The verdict of the jury and the ruling of the trial court refusing to set it aside on such ground will not be overturned unless it clearly appears that the verdict was the result of inadvertence or intentional or capricious disregard of the evidence, or was infected with bias, passion, or other improper motive, and that the excessiveness of the verdict was the result thereof. In other words, unless the amount is so large or so small as to carry internal evidence of intemperance in the minds of the jury the verdict must stand. Birmingham Electric Co. v. Howard, Ala.Sup., 34 So.2d 830;[1] Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447; Woolworth Co. v. Erickson, 221 Ala. 5, 127 So. 534; Alabama Gas Co. v. Jones, 244 Ala. 413, 13 So.2d 873; McEntyre v. First Nat. Bank of Headland, 27 Ala.App. 311, 171 So. 913; Thompson v. Southern Ry. Co., 17 Ala.App. 406, 85 So. 591.

■ On this issue the courts approve the principle that when the presiding judge refuses to grant the new trial, the favorable presumption attending the verdict of the jury is thereby strengthened. Birmingham Electric Co. v. Howard, supra.

■ Guided by these well settled rules, we do not find any such abuse or passionate exercise or other improper motive inhering in the verdict as to justify overturning the ruling of the trial judge in refusing to set it aside. A careful study of the evidence clearly reveals that the respective contentions of the parties as to the market value of the land was at great variance. The appellant contended that the property was suitable as a residential subdivision and, therefore, of great value. The appellee, on the other hand, contended that by reason of its rugged topography it was altogether unadaptable for such use because of the large expense necessary to developing it and that, therefore, it was of not much value. Reputable expert witnesses of large experience testified in support of each of these contentions and the jury was well warranted in accepting that of appellee, as was the trial court in refusing to grant the motion for a new trial on the asserted ground. Under such circumstances we are unwilling to pronounce our judgment, based only on the printed page, to be so superior to that of the jury and the trial judge as to supersede their view of the matter and substitute our own for theirs.

On a careful review of each assignment of error, we conclude that none is sustainable.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.

---

[1] Ante, p. 421.