140 So.2d 292

**Emmett CLOUD d/b/a Emmett Cloud Realty Company**

v.

**Lyman VEEDER et ux.**

**6 Div. 831.**

Court of Appeals of Alabama.

Feb. 20, 1962.

Rehearing Denied April 17, 1962.

1. Ante, p. 492.

Corretti & Newsom, Birmingham, for appellant.

Rives, Peterson, Pettus & Conway, Birmingham, for appellees.

HARWOOD, Presiding Judge.

This is an appeal from a judgment in favor of the plaintiffs below awarding damages in the amount of $800.00, for alleged deceit and fraud practiced by the defendant's agent in connection with the sale of a house to the plaintiffs.

The plaintiffs introduced evidence directed toward showing that Mrs. Pal Gravlee, an agent of the defendant's company had, during the process of selling a house to plaintiff, stated that the then owners of the house, Mr. and Mrs. Calhoun Smith, had paid $22,500.00 for it about two months previously, whereas in fact the prior owners had paid $21,500.00 for the house. Further, that Mrs. Gravlee had represented to the plaintiffs that prior to the closing of the sale with the plaintiffs that the FHA appraisal on the house was $23,500.00, whereas in truth and in fact the FHA appraisal was $22,000.00. The plaintiffs paid $23,000.00 for the house.

The measure of damages for fraud in the sale of realty is the difference between the actual value of the property at the time of the sale and its misrepresented value. Boriss v. Edwards, 262 Ala. 172, 77 So.2d 909, and cases cited therein.

The only evidence introduced by the plaintiffs as to the value of the real estate at the time of the sale was. an FHA appraisal, which was valid and in force on the date of the sale, and which showed the house to have an appraisal value of $22,-000.00. This evidence was introduced without objection and we pretermit any consideration as to its admissibility.

Testifying for the defense, Mrs. Gravlee denied that she had made any statement to the plaintiffs whatsoever pertaining to the price that the Calhoun Smith's may have paid for the house or that she had made any statement regarding any FHA appraisal on the house.

The defense also introduced expert witnesses whose opinion evidence placed the value of the house in question at between $23,000.00 and $24,000.00.

We have only set forth a thumbnail sketch of the evidence since we are clear to the conclusion that error prejudicial to the defendant-appellant resulted from the following ruling by the court during the direct examination of Lyman Veeder, a co-plaintiff. In this connection, the record shows the following

"Q What price have you authorized the real estate agent to sell the property for?

"MR. CORRETTI: We object to that. It is irrelevant and immaterial to any issues in this case.

"THE COURT: Overrule the objection.

"MR. CORRETTI: We except.

"A Approximately $20,000.00.

"Q And they have not been sold— I mean, the premises have not been sold?

' "A   This was the first of the year, ' and not as yet, no."

What a person would or would not take for his property cannot be made a criterion for market value.   Town of Vernon v. Wedgeworth, 148 Ala. 490, 42 So. 749; Dean v. County Board of Education, 210 Ala. 256, 97 So. 741; Thornton v. City of Birmingham, 250 Ala. 651, 35 So.2d 545, 7 A.L.R.2d 773; Tennessee Coal Iron R. R. Co. v. State, 141 Ala. 103, 37 So. 433.

To allow such testimony would be to substitute the witness's naked conclusions for that of the jury, whose exclusive province it is to draw the inferences and conclusions from the facts and circumstances in evidence.   Troy Lumber & Construction Co. v. Boswell, 186 Ala. 409, 65 So. 141.

Counsel for appellee argues that even if the court's ruling be technically incorrect no reversal should be posited on the ruling for reason that the testimony elicited was in no way prejudicial to the appellant's case, and urges the application of Supreme Court, Rule 45.

' We cannot agree with this contention. Clearly the evidence was illegal.   It related to an important element of the case, i. e., the amount of damages sustained.   By its ruling the court held that such evidence was proper for the consideration of the jury. We think it highly probable that the jury could not but have been impressed by evidence to the effect that the plaintiff was willing to sell this house in a relatively short period after he had purchased the same for $3,000.00 less than he had paid for it.

We have noted that only general grounds were assigned to the objection interposed to the question to Mr. Veeder.   The evidence sought, however, was palpably illegal and could not have been made legal by reframing the question or by other evidence. The general grounds were therefore sufficient.

Reversed and remanded.