MADDOX, Justice.
The issue in this case is whether the trial court erred in permitting the State of Alabama, in a condemnation proceeding, to cross-examine one of the officers of the corporation that owned the property being condemned, as to the amount paid for the subject land over 30 years before. We hold that evidence of the purchase price of the land over 30 years before was too remote and should not have been admitted. We, therefore, reverse the judgment of the trial court entered upon a jury verdict and remand the cause for further proceedings.
The State of Alabama, as plaintiff, obtained an order of condemnation of 3.82 acres of land, which was part of a 31.5-acre tract owned by Hunter Ready Mix Concrete Company. Hunter Ready Mix, being dissatisfied with the award made in the probate court, appealed to the circuit court, where the case was tried before a jury. The jury assessed damages for the condemnation of the 3.82 acres at $71,625. Hunter Ready Mix claimed that the condemned parcel was worth at least $150,000 and filed a motion for a judgment notwithstanding the verdict, or in the alternative, a new trial. The motion was denied. Hunter Ready Mix then appealed to this Court.
Hunter Ready Mix argues that the trial court erred to its substantial prejudice in overruling its objection to a question asked one of its officers concerning the price paid for the larger parcel of land over 30 years before. Hunter Ready Mix argued to the trial court that the purchase of the property over 30 years before was too remote. The trial court overruled the objection and allowed the officer to testify that he had paid $20,000 for the 31.5 acres in 1960.
We are aware, of course, of the provisions of Ala.Code 1975, § 18-1A-196(1), that “[t]he price and other circumstances of any good faith sale of all or part of the property sought to be taken, whether the sale was entered into before or after the valuation date,” may form the basis for an opinion as to the value of land, but the commentary to that Code section specifically states:
“Previous sales data may be used as the basis of opinion testimony under subdivision (1) only if the transaction was made in good faith. The requirement of ‘good faith’ is believed to be a sufficient safeguard against efforts to manipulate the sales price. The weight to be given the data, of course, will depend upon whether the particular transaction was fully voluntary, not too remote in time, and was made at a price and under circumstances which make it a useful criterion of market value on the valuation date. For example, if the prior sales price reflected project-caused enhancement or blight, or if physical and economic conditions substantially changed since the date of the sale, the agreed price might not be reasonably indicative of value for purposes of the condemnation action.”
The general rule of law applicable to questions regarding the admissibility of evidence of the price paid for a tract of land as bearing on its fair market value is stated by C. Gamble, McElroy’s Alabama Evidence, § 85.01, p. 241 (4th ed. 1991), as follows:
“On an issue of the market value of a tract of land at a specified time, hereinafter designated as the time in issue, evidence of the price paid for the land in a prior sale is admissible as tending to illustrate or as bearing probatively on its market value, unless the sale was so remote in point of time from the time in issue as to afford no fair criterion of present value, or is otherwise shown to be without probative force, as where the sale was not voluntary or where other special considerations conduced the sale at other than the true market value. It is within the trial court’s discretion to determine whether evidence of the price paid by the owner for property sought to be condemned is too remote to the time in issue and its ruling in that regard, *573 unless plainly erroneous, is not revisable on appeal.
“This evidence of a prior purchase price of the land is admissible even though it appears without dispute that the land has a determinable market value at the time in issue. In condemnation proceedings, the owner of the land is entitled to be paid the market value of the land to be taken if there is a market value at the time of the commencement of such proceedings; however, if there is no market value at such time, the owner is entitled to be paid the actual or intrinsic value of the land. If the evidence warrants a finding that the land has no market value at the time of the commencement of the proceedings, evidence of the price paid for that land in a prior sale, no matter how long before proceedings commenced, is admissible as tending to show the actual or intrinsic value.”
In Southern Electric Generating Co. v. Lance, 269 Ala. 25, 31, 110 So.2d 627, 631-32 (1959), this Court, quoting Thornton v. City of Birmingham, 250 Ala. 651, 654, 35 So.2d 545 (1948), stated the general rule, as follows:
“ ‘The general rule, supported by overwhelming authority, is that evidence of the price paid by the owner for the property sought to be condemned is admissible as tending to illustrate or bearing probatively on its market value, unless the sale was [so] remote in point of time from the condemnation proceedings as to afford no fair criterion of present value, or if otherwise shown to be without probative force.
(Emphasis added.) See Housing Authority of Birmingham Dist. v. Title Guarantee Loan & Trust Co., 243 Ala. 157, 8 So.2d 835 (1942); Harraway v. Harraway, 136 Ala. 499, 34 So. 836 (1903).
We recognize, of course, that the question of the admissibility of evidence relating to the original purchase price, especially whether the evidence is too remote, is generally left to the sound discretion of the trial court, and it has been suggested that appellate courts “have suggested most soundly that, as a general proposition, trial courts should be hesitant to exclude relevant evidence on the ground that it is remote.” C. Gamble, McElroy’s Alabama Evidence, § 21.01(2), p. 35 (4th ed. 1991).[1] While this Court has said that on the question of “remoteness” much is left to the discretion of the trial judge,[2] nevertheless, if it finds that the trial judge has grossly abused his discretion, it will reverse his ruling. See Southern Electric Generating Co., 269 Ala. at 31, 110 So.2d at 632; Primm v. State, 473 So.2d 1149, 1157 (Ala.Cr.App.1985); Word v. State, 424 So.2d 1374, 1378 (Ala.Cr.App.1982); C. Gamble, McElroy’s Alabama Evidence, § 21.02(2) (4th ed. 1991). In Southern Electric Generating Co., this Court found that the trial court did not abuse its discretion in holding that evidence of transactions occurring “seventeen and ten years prior to the evaluation date” was too remote to be introduced to the jury. Southern Electric Generating Co., 269 Ala. at 32, 110 So.2d at 632.
Based on this record and applying the applicable standard of review, we hold that the trial judge erred by permitting testimony of the purchase price in this case. While this Court has not held that there is a specific time beyond which evidence would be too remote, it is the rule that “[rjemoteness of evidence may arise because the fact occurred so far distant from the facts which form the basis of the cause of action or because the evidence is simply of rather small probative value.” C. Gamble, McElroy’s Alabama Evidence, § 21.-02(2) (4th ed. 1991).
“Ordinarily, remoteness of time affects the weight and probative value of evidence rather than its admissibility. It rests largely in the enlightened discretion of the court whether or not such proof will be allowed. Remoteness has regard also to factors and considerations *574 other that mere lapse of time. It results, therefore, that it is practically impossible and not at all accurate to attempt to state a fixed rule or standard with particular reference to the time element. Of course it can be said with certainty that the tendered evidence must not be so remote in point of time as to be without causal connection or logical relation to the main event.”
Smitherman v. State, 33 Ala.App. 316, 318-19, 33 So.2d 396 (1948). (Emphasis added.) See Smoot v. State, 520 So.2d 182 (Ala.Cr.App.1987), and Palmer v. State, 401 So.2d 266 (Ala.Cr.App.1981), quoting Smitherman and citing C. Gamble, McElroy’s Alabama Evidence, § 21.01(2) (3d ed. 1977).
In the case at bar, the land was purchased in 1960. Even the State’s experts testified that the condemned parcel alone was of greater value that the total purchase price initially — $20,000. Because of the evidence of what was paid for the property, and because of the widely divergent views of the experts regarding the value of the property, it seems apparent that, as the owner.contends here, the jury could have thought that the owner was seeking a "windfall profit and would be unduly enriched by an award for the amount of damages being claimed.”
Although we realize that a trial judge is vested with a large amount of discretion in determining what evidence is and what evidence is not too remote, we conclude that the judge in this case erred in permitting the challenged evidence, and that the owner is therefore entitled to a new trial.
REVERSED AND REMANDED.
• ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.

. Gamble suggests in his footnote 1 to § 21.-01(2) that the best statement of the rule on remoteness is contained in Smitherman v. State, 33 Ala.App. 316, 33 So.2d 396 (1948).

. Thornton, 250 Ala. at 654, 35 So.2d at 547.