77 So.2d 360

**L. L. RAGLAND, Sr. et al.**

v.

**BIBB COUNTY.**

**2 Div. 339.**

Supreme Court of Alabama.

Jan. 13, 1955.

Grady G. Cleveland, Jr., Eufaula, and Wilkinson & Wilkinson, Selma, for appellants.

Vigis M. Ashworth and Geo. P. White, Centreville, for appellee.

STAKELY, Justice.

This proceeding was instituted by Bibb County, Alabama, for the purpose of condemning for highway purposes a portion of two tracts of land owned by the appellants. The two parcels sought to be condemned contain .5145 of an acre and .0222 of an acre respectively off the northern tip of the two tracts of land. The petition was filed by Bibb County in the Probate Court of Bibb County, commissioners were appointed by the probate court and after taking evidence as to valuation, judgment of condemnation was rendered on December 12, 1953, by the probate court and the appellants were awarded the sums of $1,145 and $75, respectively, for the two tracts taken. Appellants perfected an appeal to the Circuit Court of Bibb County and the instant case was there tried de novo. On the trial in the circuit court there was a verdict for the appellants and a judgment of condemnation, the damages or compensation for the property taken being fixed in the sum of $2,300. There was a motion for a new trial which was denied by the court. Hence this appeal.

The testimony showed that the appellants owned two separate tracts of land, one of six acres and one of two acres, that on the six acre tract were situated the planing mill and the lumber yard of appellants and on the two acre tract was situated their sawmill, that appellants had operated this planing mill and sawmill in Centreville, Alabama, for approximately eleven years prior to the institution of this suit, that both their planing mill and sawmill were stationary units, bolted and embedded in concrete and no lots around Centreville had been sold for sawmill purposes within ten years. Neither tract of land remaining after the taking was split or divided. The larger portion of the land taken from the six acre tract was already used as a road in front of and on the north side of appellants' land. There is no evidence that any part of the sawmill or planing mill was touched by the right of way taken.

Among the reasons given for the depreciation in value by the taking of the property from the six acre tract were that before the land was taken the lumber was stacked further apart and that after the land was taken it was necessary to stack the lumber closer together; that by stacking the lumber closer together it took longer to dry and created a fungus on it which lowered the grade; that in order to operate a lumber yard successfully it is necessary to have sufficient area in which to stack the lumber and that prior to the time the county took the right of way, there was enough space in which to stack the lumber; that after the property was taken there was not sufficient space in which to stack the lumber economically; that there was a boiler on the six acre tract where the lumber was stacked and that if the lumber was stacked in close proximity to the boiler the insurance rates were increased and these rates increased materially where the stacks of lumber were within one hundred feet of the boiler; that after the land was taken in order to carry on the business it would be necessary to stack the lumber within 100 feet of the boiler; that in order to operate successfully a planing mill it is necessary to have an inventory of lumber on hand; that on December 12, 1953, the lumber yard was pretty well filled up; that after the land was taken there was a decrease of the inventory of lumber which could be stacked on the land, with result in loss in operation.

Reversal is sought on the basis of (1) rulings of the court on the evidence and (2) the action of the court in overruling the motion for a new trial.

■ I. Assignments of error numbered, respectively, 10 and 11 pertain to the action of the court in refusing to allow the witness Lightsey to answer the following questions:

"Q. Now, Mr. Lightsey, getting down to this specific eight acre tract of

land, on which is now situated a planing mill and sawmill, and such planing mill and sawmill was situated on those lands at the time they were condemned in this case, are you of the opinion that that eight acres is suitable for any other purpose other than a planing mill and a sawmill?

"Q. Now, Mr. Lightsey, I again ask you the question whether or not this particular eight acre tract of land, in your opinion, is suitable for any other purpose other than a sawmill and planing mill and lumber yard under the conditions that existed on December 12, 1953?"

After the court sustained objection to the first of the foregoing questions, counsel stated to the court: "We except to the ruling of the court and offer to show that with the planing mill on there that cost some $30,000, that the six acre tract of land is not suitable for any other purpose than a planing mill and also the sawmill tract of land."

After the court sustained objection to the second of the foregoing questions, counsel stated to the court: "We except to the ruling of the court and offer to show it was not suitable for any other purpose on account of the fact that at that time a planing mill was then situated on the land and also a sawmill was then situated on the land."

Upon consideration of the foregoing rulings in conference, the court is of the opinion that no reversible error appears. It is undisputed that no part of the land was taken on which either of the structures were located. The larger portion of the land taken from the six acre tract was already used as a road in front of appellants' land and neither tract of land after the taking was split or divided. The witness had previously testified that the respective tracts of land had a reasonable market value before the taking and a reasonable market value after the taking and gave his opinion as to the amount of these respective values. This is in accordance with the rule laid down by this court in Morgan County v. Hill, 257 Ala. 658, 60 So.2d 838.

The jury inspected the lands and were able to see the land firsthand and any adverse effect the taking would have on the lands of appellants. If there was any error in the foregoing rulings, respectively, it was error without injury. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

■ II. Assignments of error numbered 13 and 14 pertain to the action of the court in refusing to allow the witness Ragland, who was one of the co-owners of the property, to answer the following questions:

"Q. In your opinion, Mr. Ragland, on December 12, 1953, did these two tracts of land, comprising in the aggregate some eight acres, have any market value other than for sawmill purposes on that date?

"Q. Now, I again ask you, Mr. Ragland, in your opinion, on December 12, 1953, did these two tracts of land, composed of six acres in one and the other two acres, have any reasonable market value other than for saw mill purposes?"

After the court sustained objection to the first of the questions here considered, counsel stated, "We except and offer to show at that time that they had no reasonable market value other than for sawmill purposes." When the court sustained objection to the second of the questions counsel stated: "We except and offer to show they did not." These questions like the questions first set out above were considered in conference by the court and under the ruling hereinabove set out the court is of the opinion that there was no reversible error.—Supreme Court Rule 45.

■ III. Assignment of error numbered 12 challenges the action of the court in sustaining the objections of appellee to the following question propounded to Mr. Lightsey, witness for appellants, namely:

"Now, Mr. Lightsey, in your opinion what would be the cost of constructing a planing mill on that tract of land similar to the one that is now on the tract of land as of December 12, 1953?"

This assignment is based on the incorrect assumption that there was no reasonable

market value for the land. As we have stated, the witnesses Lightsey and Ragland had previously testified that the respective tracts of land had a reasonable market value before the taking and after the taking and they gave their opinion as to the amount of these respective values. The cost of constructing a planing mill similar to the one which is now on the land as of December 12, 1953, is, therefore, an element not to be considered. De Moville v. Merchants & Farmers Bank, 233 Ala. 204, 170 So. 756; Housing Authority of Birmingham District v. Title Guarantee Loan & Trust Co., 243 Ala. 157, 8 So.2d 835.

IV. Assignment of error numbered 15 is predicated on the action of the court in sustaining the objection of the appellee to the following question propounded to the witness Ragland:

"Now, Mr. Ragland, to successfully operate a sawmill, do you have to operate a certain number of days a week?"

The witness Ragland just prior to the foregoing question had testified that in order to operate successfully a planing mill you have got to have on hand an inventory of lumber and that on December 12, 1953, "we were running about four days a week," and that on December 12, 1953, the yard was pretty well filled with lumber and from the lumber on the yard they were able to operate some four days a week and that when a portion of the land is taken the result will be a decreased operation.

We do not consider that the court was in error in refusing to allow the witness to answer the question made the basis of assignment of error numbered 15. The question is too indefinite and calls for a conclusion of the witness.

V. We find no error in the action of the court in overruling the appellants' motion for a new trial. In Smith v. Smith, 254 Ala. 404, 48 So.2d 546, 548, this court said:

"Where there is evidence which if believed justifies the verdict, a motion for a new trial is properly overruled.

Johnson v. Louisville & Nashville R. R. Co., 240 Ala. 219, 198 So. 350; Kurn v. Counts, 247 Ala. 129, 22 So.2d 725."

And in Morgan County v. Hill, 257 Ala. 658, 60 So.2d 838, 842, citing the case of Smith v. Smith, supra, this court said:

"It is recognized by this court that when the presiding judge refuses, as here, to grant a new trial, the presumption in favor of the correctness of the verdict is strengthened."

Upon a careful review of the entire record we consider that the judgment of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.