102 So.2d 9

ETOWAH COUNTY

v.

CLUBVIEW HEIGHTS COMPANY.

ETOWAH COUNTY

v.

LESLIE C. KING COMPANY, Inc.

7 Div. 296, 297.

Supreme Court of Alabama.

April 10, 1958.

**356**

Edw. B. Miller, Buford Copeland and E. L. Roberts, Gadsden, for appellant.

Lusk, Swann & Burns, Gadsden, for appellees.

LIVINGSTON, Chief Justice.

These are appeals by Etowah County, a municipal corporation, from final judgments of the Circuit Court of Etowah County ordering the condemnation of certain strips of land for highway purposes and fixing the compensation to be paid for them. A part of the property condemned was owned by Clubview Heights Company, a corporation, and designated as Tract 9, and part was owned by The Leslie C. King Company, Inc., a corporation, and designated as Tracts 11, 12 and 13. The proceeding to condemn both properties was contained in one application and is presented here in one record.

The trial was de novo in the circuit court by the presiding judge without a jury, as provided in Title 7, Sec. 264, Code of Alabama 1940. See Morgan County v. Griffith, 257 Ala. 401, 59 So.2d 804; Moore v. City of Mobile, 248 Ala. 436, 28 So.2d 203.

Other than two, which we will deal with specifically, the assignments of error touch only the question of damages and compensation allowed to the landowners by the court below.

■ Assignment of error 8 is as follows:

"The Court erred in permitting the defendant to introduce in evidence over plaintiff's objection a *fictious* or proposed map or subdivision of the property described as Parcel No. twelve (12), said map being designated as defendant's exhibit number three (3)."

During the examination of appellees' witness, Hall, referring to Tract 12 fronting on Rainbow Drive, he was shown a map of a proposed subdivision of the property, which he used to illustrate his testimony. Appellees offered this diagram in evidence as defendant's Exhibit 3, and it was admitted.

In Thornton v. City of Birmingham, 250 Ala. 651, 35 So.2d 545, 547, 7 A.L.R.2d 773, we said:

"* * * Evidence of value of the property for any use to which it is reasonably adapted is, as already stated, admissible but the proof must be so limited and the testimony restricted to

its value for such purpose. Of probative tendency on this issue is the offer of a proposed plan or a possible scheme of development, and the trial court so held, but it was not permissible to incorporate in such a plan the speculative price of the individual lots. Nichols on Eminent Domain, supra, p. 1170, § 445; Rothenberger v. City of Reading, 296 Pa. 423, 146 A. 104. \* \* \*"

We do not take the proposed subdivision or map as falling within the principle prohibited by Thornton v. City of Birmingham, supra. True, the land was undeveloped and no lots had been laid out upon the ground. But the map taken with the testimony of the witness demonstrates that the witness was testifying as to the use to which the land could be put. There was no attempt to put a price tag on the lots. There was no valuation of any kind placed on the map. In 5 Nichols on Eminent Domain, § 18.11(2), p. 114, we find the following:

"As bearing upon these issues [market value] the owner may offer a plan showing a possible scheme of development for the purpose for which it is most available, but he cannot go further and describe in detail to the jury a speculative enterprise for which in his opinion or that of some expert the land might be used, and base his estimate of value upon the profits which he would expect to derive from the enterprise."

In relation to the surrounding area, residential lots were the most suitable use to which the property taken could be put. There is no merit in Assignment of Error No. 8.

■ Error is assigned in the trial court's refusal to allow the introduction of a tax assessment sheet prepared by the president of the appellee-corporations or under his supervision and offered in the cross-examination of him as a witness. It is admitted that such a tax assessment sheet would not have been admissible to prove the value of the property taken. But appellant contends that it was admissible to show an admission against interest, test the witness' credibility, judgment of value and memory.

In Rountree Farm Co. v. Morgan County, 249 Ala. 472, 31 So.2d 346, 349, this court said:

"Assignment of error 36 involves the admissibility of the tax assessment made by Charles Rountree of the Rountree Farm Company, introduced on the cross-examination of Rountree. As stated in Dean v. County Board of Education, supra, this was a reasonable exercise of the right of cross-examination of the witness, not for the purpose of showing the value of the land, but as an admission against interest, testing his credibility, judgment of value, and his memory."

The question presented by this assignment of error arose on the cross-examination of the witness King, President of the appellee-company, Leslie C. King Co., Inc., a corporation. It is not entirely clear from the record for just what purpose the tax assessment sheet was offered in evidence. Admittedly, the evidence was not admissible to prove the value of the property taken, but was admissible to show an admission against interest, test the witness' credibility, judgment of value and memory; and we repeat, the record is not clear for what purpose it was offered. But, be that as it may, upon a review of the entire record, its rejection in any event was not reversible error. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix; Ragland v. Bibb County, 262 Ala. 108, 77 So.2d 360. The question before the trial court, as in this court, was the value of the property taken. As was said in Rountree Farm Co. v. Morgan County, supra:

"In condemnation cases there is often, as here, a wide divergence of opinion of witnesses as to values and items of damage. Claims by the property owner are sometimes exaggerated, and

on the other hand are frequently minimized by the condemnor, both usually acting in good faith. The jury trying the issue must arrive at its verdict by reconciling the various opinions as best it can, and must analyze the evidence in the light of its common knowledge.

"Because of these matters it is generally recognized that the conclusion of the original trier of fact, the court or the jury, who saw and heard the witnesses and observed their conduct and demeanor on the stand is entitled to great weight."

All other assignments of error relate to fixing the amount of compensation. The court heard the evidence and made a personal inspection of the property. The established rule is that a finding by such a court on the facts has the effect of a jury verdict and will not be disturbed unless plainly wrong and contrary to the great weight of the evidence. We cannot say the trial court's findings are erroneous, therefore, both judgments are affirmed.

Affirmed.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.