290 So.2d 162

**STATE of Alabama**

**v.**

**McMurray GRIFFITH et al.**

**SC 373.**

Supreme Court of Alabama.

Feb. 14, 1974.

———◆———

Arthur J. Hanes, Special Asst. Atty. Gen., for the State.

William M. Acker, Jr., J. Fred Wood, Jr., Birmingham, for appellees.

MERRILL, Justice.

The sole question requiring a decision in this case is whether evidence of the tax valuation made by the Board of Equalization is admissible, over objection, in a condemnation case.

The question on which this case turns arose twice during the trial. The first

time was during the cross-examination of the State's appraiser Cottrell. He was asked "What was the property assessed for"; the State objected and the objection was sustained.

Later, on the direct examination of the landowner, he was asked "What is your property assessed for?" The State again objected, the jury was sent to the jury room and an extended colloquy took place between the judge and counsel. The judge recognized the Alabama rule, but stated that he thought he could take judicial knowledge that Jefferson County had a highly competent Board of Equalization, that the Board had "public*a*lly pronounced time and time again that they consider thirty per cent of the market value to be the equal of sixty per cent for purposes of taxation." The judge also stated in reference to the tax valuation:

"THE COURT: That is an official saying of valuation, which, in my opinion, has it in sufficient reliability to require its admittance in evidence and that is—makes a difference, and that may—it may be the ruling I am not making, if properly adhered to, will require the admittance of such valuations on the offer of the State and the people against the property owner.

"MR. LANDRUM: It is your position, then, that assessment should be admissible for either side, is that true?

"THE COURT: In Jefferson County, Alabama."

Following this, the court overruled the objection and permitted the assessment sheet on the property to be admitted into evidence.

It is clear that the trial court was making a new rule of evidence in Jefferson County, based upon his confidence in that county's Board of Equalization and its appraisers. But it is very doubtful that any great number of landowners in Jefferson County would care to be bound by their assessment when their property is taken by condemnation proceedings. The trial court recognized that both sides should receive equal treatment and that its ruling would entitle the condemnor to put the assessment in evidence in each case.

■ The law of eminent domain ought to be uniform in every county in Alabama. Until the trial of this case it was. If we affirm, there will be one law for Jefferson County and another for the rest of the state.

The right of a person to own property is older than this nation. The Constitution of Alabama of 1901 insures that no landowner will be required to give up his land in eminent domain proceedings without "just compensation" therefor, either by the State, § 23, or by others invested with the privilege, § 235, and the latter section guarantees a trial by jury, if requested, to fix that compensation.

Under the ruling of the trial court the question presented here could arise in every condemnation case in the future and that party to be hurt, in the vast majority of cases, is the landowner who is forced to give up his property.

The greatly predominant view is that the assessed value of land, when placed on the land by the assessors without intervention of the landowner, is not admissible as evidence of market value. 27 Am.Jur.2d, Eminent Domain, § 441, p. 354; 29A C.J.S. Eminent Domain § 273(4); Annotation 39 A.L.R.2d 214, § 4.

Judge J. Russell McElroy, in The Law of Evidence in Alabama (often cited in the opinions of the appellate courts of this state), 2d Ed., Vol. 2, § 267.04, p. 314, states:

"The official record of a tax assessor's, or other tax-assessing authority's,

valuation of land for taxation purposes is not admissible against the owner in an action or proceeding between the owner and a third person, unless the owner participated in fixing the valuation."

Judge McElroy was the trial judge in the instant case.

The point is settled in this jurisdiction by decisions of this court and the former Court of Appeals. We list some of the cases and short excerpts from the opinions. Unless otherwise noted, the cases involved eminent domain.

"That the valuation made by the assessor for purposes of taxation, in which the owner does not participate, is inadmissible, is unquestionably correct, on well settled principles. * * *" Birmingham Mineral R.R. Co. v. Smith, 89 Ala. 305, 7 So. 634.

" * * * Before it would be permissible for the defendant to show what value was placed upon the land in its assessment for taxation, it would have to appear that the owner participated in fixing the assessed value. * * *" Pratt Cons. Coal Co. v. Morton, 14 Ala.App. 194, 68 So. 1015 (suit for damages for injury to land).

In an action for damages for allowing fire to be communicated to his barn, it was proper to exclude on plaintiff's cross-examination a question whether his barn was assessed for taxation and how much. Putman v. White, 18 Ala.App. 15, 88 So. 355[5].

"There was no error in sustaining the objection to the question asked the tax assessor concerning the amount at which one of the defendants assessed her property during the year 1917. * * *" United States v. Goodloe, 204 Ala. 484, 86 So. 546.

" * * * It is admitted that such a tax assessment sheet would not have been admissible to prove the value of the property taken. * * *

" * * * Admittedly, the evidence [the tax assessment] was not admissible to prove the value of the property taken, * * *." Etowah County v. Clubview Heights Co., 267 Ala. 355, 102 So.2d 9.

It is clear from these authorities that the rule in Alabama is that evidence of tax valuation, not participated in by the owner, is not admissible for the purpose of establishing fair market value in eminent domain cases.

It could be argued that admitting the tax evaluation into evidence would be proper anywhere in the state when the valuations set by the taxing authorities are shown to be reliable and trustworthy. That really adds a confusing problem.

The ordinary condemnation case in circuit court is concerned only with the amount of compensation. With expert witnesses on both sides, that one question can be difficult for a jury. But where the Board of Equalization of each county is subject to be tried as to the reliability and trustworthiness of their evaluations, few disinterested property owners in the county would care to incur the Board's wrath by saying their evaluations were not reliable or trustworthy. The jury is presented another perplexing question which, under our present rule, has no place in the trial. That rule should be retained for all the counties of the state.

Another reason supporting the rule is that the owner is bound by a valuation set by a governmental board without any prior adversary hearing, and he has no opportunity at trial to cross-examine the people who gave the opinions on which the valuation was set. Such evidence should not be admitted for or against either party in a condemnation case if there is objection to it.

The following statement from Southern Electric Generating Co. v. Leibacher, 269

Ala. 9, 110 So.2d 308, although not on this particular question, is applicable here:

"In cases of this kind, the narrow issue for the jury's determination, the amount of the award to the landowners, should not be broadened nor the verdict of the jury influenced by the interjection of immaterial matters, especially matters calculated to be prejudicial. Whether or not the property is necessary or advisable, or whether more property is taken than necessary, and whether or not it is ever paid for or who pays for it, are not questions for the jury to consider nor to be brought before it in any way."

The landowner argues that the trial judge did not modify the prevailing rule that the assessed valuation of land by tax assessors is generally inadmissible, but that he merely held that an assessed valuation placed on land by officials acting pursuant to state law is admissible as an *admission against interest* by the State—the condemnor. It is true that in a small number of cases in other jurisdictions, the assessor's valuation has been held admissible as an admission on the part of the State. See Louisiana Ry. & Navigation Co. v. Morere, 116 La. 997, 41 So. 236; Annotation 39 A. L.R.2d 252. We cannot agree that the trial judge based his decision on this rule, because he did not mention such a reason either on trial or on his reasons at the hearing on the motion for a new trial, which was overruled. Moreover, this court has not applied the rule advocated by the appellees in this case to the State in a condemnation case.

The State also argues that the verdict of $32,500.00 was excessive. Since we reverse the judgment, it is not necessary to discuss that question.

The judgment is reversed and the cause is remanded.

Reversed and remanded.

HEFLIN, C. J., and HARWOOD, MADDOX and FAULKNER, JJ., concur.