MADDOX, Justice.
Will Jones sought to set aside deeds to ten pieces of property claiming that Ida Estelle, the grantee, had procured them by fraud, undue influence, forgery and breach of a fiduciary relationship. Estelle had transferred one piece of property to Habco Rental. In a separate proceeding, Habco had filed an ejectment action against Will Jones, concerning this parcel which had been transferred to it by Estelle. Both actions were consolidated for trial.
The cause was heard by the court without a jury. The trial court found that Jones had failed in his burden of proving that he did not knowingly and voluntarily execute the deeds in question. He further found that there was no direct evidence produced to support the allegations of fraud and undue influence. He, therefore, rendered a judgment for Estelle and Habco. Jones' motion for a new trial was overruled, and he appealed to this court.
Jones claims that the court erred in its final decree in that it failed to find from the facts that a “de facto” partnership existed between him and Estelle, which would have created a confidential relationship between him and Estelle, and which would have placed the burden on Estelle to show that the deeds were his voluntary and well-understood acts. Jones also contends that the court erroneously held that there was no direct evidence to support a finding of fraud and undue influence. He also disagrees with the trial court’s finding that the deeds were regular and proper on their face; and, lastly, he asserts that reversible error was committed when the court sustained an objection to the introduction of records of the Board of Equalization.
Except for the issue concerning the introduction of evidence, Jones basically asks this Court to determine that the trial court’s findings of fact were plainly and palpably wrong, and that the court’s application of the law to those facts was similarly wrong. This we refuse to do.
After reviewing the record, we are of the opinion that the trial court’s findings are supported by the evidence, and are not plainly and palpably wrong. Jones claims that the evidence clearly shows that “some kind of ‘de facto’ partnership arrangement . ” was created between him and Estelle. We disagree. In fact, much of the evidence offered by Jones negated the existence of a partnership relationship. In any event, the evidence on the partnership issue was conflicting and there was sufficient evidence from which the trial court could have found that an agreement to share in profits and losses did not exist. Odess v. Taylor, 282 Ala. 389, 211 So.2d 805 (1968).
*481 Jones’ contention that the trial court erred in failing to find that there was fraud is without merit also. The trial judge heard the testimony and had an opportunity to observe the demeanor of the witnesses. The weight to be given such evidence is for the trial judge, and this Court will indulge every presumption in his favor. Baldwin v. Odom, 291 Ala. 129, 278 So.2d 713 (1973). This presumption takes on an even stronger stance when the review we are asked to make involves questions of undue influence and fraud, both of which require clear and convincing proof. See Crosby v. Baldwin Co., 227 Ala. 122, 148 So. 814 (1933); Terry v. Terry, 336 So.2d 159 (Ala.1976).
Jones’ claim that the trial court erred in excluding the Board of Equalization’s records is also without merit. The stated purpose for Jones’ offering the Board of Equalization records on the subject property was that:
“ . . . They set market value, they make an appraisal based on market value, and that’s primarily — we want to set out for the Court each and every piece of property, and each and every valuation, and each and every work permit, and how long Will had the property before the transfer. . . . ”
% sf: s): *
“ . . . We offer to show the valuation of each and every lot, the work done on the lot, the valuation primarily of the lot, and the information contained in those files. . . . ”
Counsel for Jones later stated that an additional purpose for offering the files was for identification of the subject property. In brief, Jones argues:
“ . . . Will Jones sought introduction of these records to show the value of the real estate in toto, the evidence of repair work done by Will Jones, the length of time of ownership, and to provide the Court with a picture of the property in question. The question to this Court is whether any of this evidence should have been excluded where Will Jones is seeking to set aside the deeds based on fraud, undue influence, or violation of fiduciary duty.
“While adequacy of the consideration is not a ground to set aside a deed in and of itself, it is a legitimate inquiry of the Court in connection with other facts. The case law directs the Court to make an inquiry into the consideration to determine where the consideration (in this case, the consideration was nothing) is so gross as to shock the consciousness of the court. Henderson vs. Rummage, 112 So. 917, 216 Ala. 692 (1927). . . .
“The determination by the Court of the total value of the property transferred when the land changed hands would be relevant as to the issue of whether or not the transactions are fair or just. By excluding value of the real property, the Plaintiff was deprived óf a comparison between the price paid and the total value.
“The required evidence was not before the Court and the Court was left to guess at the values without any sound basis.
The trial court did not refuse to permit Jones to prove the value of the property; he merely refused to admit the records of the Board of Equalization as proof of that value. While these records might be an admission against interest, if the owner participated in fixing the valuation, they would be inadmissible as evidence of market value in this case, since they would constitute hearsay. Jones was in court and could have testified as to the market value. The trial judge did not err in refusing to permit these tax records to be admitted. See State v. Griffith, 292 Ala. 123, 290 So.2d 162 (1974). In summary, the record does not show that Jones was prevented from introducing evidence of market value, only that he could not do so with tax assessment records. In any event, even assuming that market value was relevant (the consideration was admitted as being nothing), the refusal of the trial court to admit the assessment records would at most be harmless error. Rule 61, ARCP; Rule 45, ARAP.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
FAULKNER, ALMON, SHORES and BEATTY, JJ., concur.