FAULKNER, Justice.
This is an appeal from a jury verdict and judgment awarding the Thomases $150,000 in damages in an eminent domain proceeding. We reverse and remand for a new trial.
In constructing Interstate Highway 20 between Birmingham and Atlanta, it was *4 necessary for the State of Alabama to acquire .16.04 acres from a 33-acre tract owned by the Thomases. The State had the land appraised by two appraisers. One appraised the difference in the market value before and after taking the land to be $142,417 — the other’s appraisal was $43,308. After State and Federal authorities reviewed these two appraisals, the State wrote to the Thomases on August 24, 1977, saying “our studies indicate that you are due $142,417 as just compensation for the right of way needed and we are, therefore, making this offer to you.” The offer was later updated to $144,350. The Thomases rejected the offer.
On October 4, 1977, the State filed an application to condemn in the Probate Court of Jefferson County, Alabama. A board of three commissioners was appointed by the court to determine what sum was just compensation for the land. The commissioners awarded $200,500 to the Thomas-es. The State appealed to the Circuit Court of Jefferson County, demanding a trial by jury on the issue of valuation of the condemned property.
Before the parties introduced any evidence at trial, the judge commented several times to the jury that the State believed $144,350 to be just, fair and adequate compensation. The jury assigned a value to the property of $150,000. The Thomases made a motion for a judgment notwithstanding the verdict, or, in the alternative, a motion for a new trial. The trial court denied these motions and entered a judgment in accord with the jury verdict.
The Thomases assign several points as error. Nevertheless, the principal issue is whether the trial judge erred in commenting to the jury that the State believed $144,350 to be adequate and just compensation for the property of the Thomases. The resolution of this issue is dispositive; therefore, we need not reach the other issues. We hold that the comments of the trial judge constitute reversible error and remand the cause for a new trial.
The Fifth and Fourteenth Amendments of the United States Constitution guarantee that the Government, State or Federal, will not deprive a citizen of private property without “just compensation.” Almota Farmer’s Elevator & Warehouse Co. v. United States, 409 U.S. 470, 93 S.Ct. 791, 35 L.Ed.2d 1 (1973). Just compensation refers to the “full monetary equivalent of the property taken.” Id. Government statements of just compensation to landowners represent the amount the Government believes the landowner is entitled to under the constitution. United States v. 320.0 Acres of Land, 605 F.2d 762, 825 (5th Cir. 1979). Such a statement is a “good faith assessment of what the owner is constitutionally due, made by one authorized ... to make that very statement.” Id.
The State is not “free to play fast and loose with landowners — telling them one thing in the office and something else in the courtroom.” Id. Because of the constitutional restraints on the State in dealing with landowners, we adopt the position taken by the Fifth Circuit that statements of just compensation are not admissible at trial unless the State first attempts to establish a lower valuation for the property. United States v. 320.0 Acres of Land, 605 F.2d 762, 824-825 (5th Cir. 1979). If the State attempts to establish a lower value, the statements are admissible at a compensation trial as an admission by the State. Nevertheless, the State is entitled to explain why it believes the statement of just compensation to be inaccurate. Any other rule would permit the State to make several appraisals, all lower than the value of the property, and force a landowner to accept one of those appraisals for fear that a lower value will be asserted by the State in court. The Constitution of the United States requires that the State deal with the landowner in a fair, honest and above board manner. The State, for the public good, may not coerce private landowners into taking less than fair and adequate compensation for their property. Permitting the landowner to dispute the State’s contention of a lower value will serve as a limited check on the broad powers of the State in condemnation proceedings.
*5 The trial judge, before the opening statements of the attorneys, told the jury that the State believed its statement of compensation, $144,350, to be fair and adequate compensation for the property of the Thom-ases.
Evidence of the $144,350 statement of just compensation was not admissible unless and until the State attempted to establish a lower valuation. United States v. 320.0 Acres of Land, 605 F.2d 762 (5th Cir. 1979). Therefore, the trial judge’s making of statements concerning the State’s beliefs of just compensation before any evidence was introduced is error. Cf. Rule 51, ARCP (stating that a judge shall not express his opinion of the evidence). Eaton v. State, 278 Ala. 224, 177 So.2d 444 (1965).
We reverse and remand for a new trial.
REVERSED AND REMANDED.
ALMON, EMBRY and ADAMS, JJ., concur.
TORBERT, C. J., concurs specially.