MADDOX, Justice.
Plaintiffs sued to set aside certain deeds conveying to the defendant a mineral royalty interest in 230 acres of land. The cause was tried before the court sitting without a jury. The surviving plaintiff appeals from a judgment for the defendant.
The facts leading up to the execution of the deeds are as follows:
James G. Richardson was the sole owner of 230 acres of land in Pickens County, Alabama. Lucy L. Richardson was his wife. They were 94 and 81 years old, respectively, at the time of the conveyances.
On or about July 17,1984, the defendant, Keith E. Thomas, called the Richardson residence by telephone, offering to purchase half of the royalty interest in the subject property. Mrs. Richardson received the call and she told Thomas that she would have to discuss the offer with Mr. Richardson. Two days later Thomas again called the Richardson residence; Mrs. Richardson told him that the Richard-sons would accept the offer. Thomas prepared the deed and went to the Richardson home, accompanied by W.L. Irwin, Mr. Richardson’s brother-in-law. Mr. and Mrs. Richardson signed the deed, which was witnessed by Mr. Irwin, and Thomas paid them $12,500.00.
On August 21,1984, Thomas again called the Richardson residence, this time offering to purchase the remaining half of the royalty interest. Again, Mrs. Richardson received the call and the message and she *93 told Thomas that she would discuss the offer with Mr. Richardson. The next day Thomas again called the Richardson residence, and Mrs. Richardson told him that they would accept the offer. Thomas again prepared the deed and went to the Richardson home to obtain the Richard-sons’ signatures. The deed was signed and notarized at the city hall in Reform, Alabama. Thomas paid the Richardsons $20,-000.00.
On September 20, 1985, the Richardsons filed suit, seeking cancellation of the deeds, naming as defendants Keith E. Thomas and three subsequent purchasers of the royalty interests.
On December 21, 1985, Mr. Richardson died. On March 4, 1987, the court substituted Genene Farley, executrix of his estate, as a party plaintiff. However, only Lucy Richardson appeals.
The court granted summary judgment as to the three subsequent royalty interest purchasers, on the basis that they were bona fide purchasers for value.
The trial court heard ore tenus testimony, but made no specific findings of fact; therefore, we must assume the trial court made those findings necessary to support its judgment, unless such findings would be palpably erroneous. Robinson v. Hamilton, 496 So.2d 8 (Ala.1986). See also Gurley v. Blue Rents, Inc., 383 So.2d 531 (Ala.1980).
“The trial judge heard the testimony and had an opportunity to observe the demeanor of the witnesses. The weight to be given such evidence is for the trial judge, and this Court will indulge every presumption in his favor.”
Jones v. Estelle, 348 So.2d 479, 481 (Ala.1977).
Plaintiffs attacked the conveyances on three grounds: (1) undue influence by the defendant, (2) fraud by the defendant, and (3) mistake by the grantors. The trial court found against the plaintiffs on each issue, and the record indicates that the holdings were not palpably wrong or manifestly unjust.
Whether undue influence was exercised against a grantor must be viewed on a case by case basis. Brothers v. Moore, 349 So.2d 1107 (Ala.1977). As this Court stated in Seals v. Seals, 423 So.2d 222, 224 (Ala.1982):
“In order for undue influence to arise, the influence must destroy the free agency and substitute the will of another for that of the person nominally acting.”
A presumption of undue influence arises only when the contestant proves that “(1) the grantor and grantee are in a confidential relationship; (2) the grantee is the dominant party in the relationship; and (3) the grantee engaged in undue activity in the procurement of the [deed].” Edwards v. Strong, 465 So.2d 368, 369-70 (Ala.1985). If the grantor establishes the above factors, the burden shifts to the grantee to rebut the presumption of undue influence. Id. at 370.
The record indicates no evidence of undue influence on the part of the defendant. Mere suspicion that the execution of the deed was obtained through some improper means is not sufficient. The advanced age of a grantor, although relevant on the issue, is not, standing alone, sufficient to raise a presumption that a grantee exercised undue influence on the grantor.
It is unquestioned that Thomas was engaged in the oil business when the royalty deeds were executed and that he was quite knowledgeable in the field. This the defendant concedes, but he argues that the Richardsons had more than an elementary understanding of royalty conveyances and leases. In fact, he points out that the Richardsons had executed a royalty transfer to him in August 1983. The record further shows that the Richardsons had previously leased their mineral interests to Terra Resources.
The fact that the Richardsons did not seek independent advice in making the conveyances does not create a presumption of undue influence. The record supports the conclusion that they acted voluntarily and with full knowledge and understanding of the consequences of the conveyances. The evidence would support a finding that *94 there was no confidential relationship between the grantors and the grantee, and we conclude that the trial court did not err in finding that no confidential relationship was established because of the disparity in knowledge of the grantors and the grantee.
The second issue raised is whether the trial court erred in refusing to cancel the conveyances because of fraud.
Plaintiffs argued that the conveyance was never intended by them to be a deed and was therefore procured through fraud. The trial court rejected that argument, and the evidence supports the court’s conclusion.
Appellants cite Ala.Code 1975, § 6-5-102, which provides:
“Suppression of a material fact which the party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case.”
This Court in Bank of Red Bay v. King, 482 So.2d 274, 285 (Ala.1985), addressed the duty to disclose:
“[T]he types of relationships wherein a duty to disclose has been found indicate that the Alabama courts give little attention to the designation of the relationship, such as vendor-vendee, etc., but instead look to the relative bargaining positions of the parties. Where one party has some particular knowledge or expertise not shared by the plaintiff a duty to disclose has been recognized, [citations omitted] Thus, each case must be individually examined to determine whether a duty of disclosure exists; a rigid approach is impossible, and indeed, the words of the statute itself counsel flexibility.”
As stated earlier, the record shows that the Richardsons had prior experience in executing royalty deeds and leasing minerals.
Although the trial judge could have found that Thomas’s superior knowledge and the advanced age of the grantors required the grantee to make a full disclosure, the trial judge could have found from the evidence that the Richardsons were capable of bargaining.
The appellant further contends that she and Mr. Richardson executed the royalty deeds mistakenly, thinking they were signing a lease. Our review of the record, however, shows that the trial judge could have found that this contention was inconsistent with the allegations in the original complaint and with Mrs. Richardson’s deposition. The original complaint does not mention the word “lease.” In their amended complaint, the plaintiffs did assert that Thomas had fraudulently represented that the royalty deed was an oil and gas lease, and not a sale and transfer of the royalty interest. At Mrs. Richardson’s deposition, three days after the complaint was amended, she reaffirmed that she and her now-deceased husband understood that money paid to them by the appellee, Keith Thomas, was for the conveyance of royalty interests.[1]
The last issue presented is whether the trial court erred in refusing to cancel the conveyances because of the alleged incapacity of the grantors. Upon review of the original and amended complaints, we find no allegation that James and/or Lucy Richardson lacked the mental capacity to execute the deeds; therefore, they did not ask the trial court to cancel the deeds because of incapacity. “It is well settled that this Court will not address the merits of an *95 argument which is presented for the first time on appeal.” Ex parte Young, 489 So.2d 1106, 1110 (Ala.1986).
Based upon the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.

. We quote in pertinent part from Mrs. Richardson’s deposition as follows:
"Q He gave you $12,000 to purchase royalties?
"A Yes. He came by and we signed that. And he met us over here at Dr. Nagle’s office the next morning and gave us a check.
[[Image here]]
“Q And you understood when he talked to you it was to purchase the royalties?
"A Yes, that is what he said, the royalty.
"Q And then he paid you for those royalties, is that correct?
"A Yes.
[[Image here]]
“Q Now, he was buying part of the royalties then, is that right?
"A Yes.”