THIGPEN, Judge.
This is an appeal by the taxpayer from a verdict fixing the assessed value of real property for ad valorem tax purposes.
The appellant, Emerik Properties Corporation (Emerik), seeks reversal of a verdict fixing the value of an office building owned by Emerik at $6,500,000 for purposes of calculating ad valorem taxes for the years 1988 and- 1989.
The only issue presented for review in this appeal is whether the trial court erred in refusing to admit evidence of an appraisal of the building by the Jefferson County Board of Equalization and Adjustments, (Board), valuing it at $6,300,610, when the Board’s expert testified at trial that the value of the building was $8,040,000. Em-erik’s expert testified that the building was worth $4,500,000.
During the trial before a three-member commission, the Board called Larry Lively, an appraiser for the Board, as an expert witness. Lively testified that, in his opinion, the value of Emerik’s property was $8,040,000. Emerik attempted to introduce evidence that the Board had determined the value of the building to be $6,300,610 for the tax years 1988 and 1989, prior to Emer-ik’s appeal to the circuit court contesting the original valuation. The circuit court sustained the Board’s objection to Emerik’s offer of proof, which included documentation related to the Board’s valuation of the building, as well as Lively’s testimony.
Emerik bases its appeal on the grounds that the $6,300,610 valuation should have been admitted as an admission against interest and that the trial court erred in refusing to allow it.
The Board argues that: (1) The court properly sustained the objection in that the prior assessment was vacated when Emerik appealed the valuation to the circuit court, (2) Tax assessments are not admissible to prove value, (3) Expert opinions cannot be impeached by other opinion, (4) Emerik was not prejudiced by the court sustaining the objection, and (5) Sustaining the objection was not a gross abuse of the court’s discretion.
The fact that the appeal serves to vacate the previous assessment is irrelevant to the question of whether the Board’s records showing the valuation should have been allowed as an admission against interest. The case cited by the Board, State v. Kennedy, 52 Ala.App. 470, 294 So.2d 439 (1974), does not address the issue of such evidence as an admission against interest and is therefore not controlling in the instant case.
The Board relies on State v. Griffith, 292 Ala. 123, 290 So.2d 162 (1974), to support the propositions that tax assessments are not admissible to prove value and that prior tax assessments by the state may not be admitted as admissions against interest. We are not of the opinion that Griffith is on point in that the court was addressing the issue of admitting tax valuations in condemnation cases, in essence forcing the state to be at cross-purposes by using its evaluations for tax purposes against it in condemnation cases. The facts in the instant case are more analogous to the facts in Thomas v. State, 410 So.2d 3 (Ala.1981).
The court in Thomas held that a determination of value by the state is properly admitted when the state, during a condemnation proceeding, attempts to establish a lower value for the property in question. The court stated:
“Any other rule would permit the State to make several appraisals, all lower *498 than the value of the property, and force the landowner to accept one of these appraisals for fear that a lower value will be asserted by the State in court. The Constitution of the United States requires that the State deal with the owner in a fair, honest and above board manner. The State, for the public good, may not coerce private landowners into taking less than fair and adequate compensation for their property. Permitting the landowner to dispute the State’s con: tention of a lower value will serve as a limited check on the broad powers of the State in condemnation proceedings.”
Thomas, supra, at 4.
While condemnation may be an extreme exercise of state power, thus requiring an approach such as prescribed in Thomas, the power to tax is also a broad power, requiring a similar “limited check.” When the state attempts to establish a higher assessment value after an appeal by a taxpayer, the previous appraisals should be admissible at trial as an admission by the state. Of course, the state will be afforded the opportunity to explain the discrepancy between the appraisals, such as by arguing that the previous appraisal was part of a mass appraisal and therefore not as in-depth as the later appraisal.
The Board maintains that an expert cannot be impeached by other expert opinion. We disagree. McElroy’s Alabama Evidence points out that in examining the qualifications of an expert witness, a party has the right to ask “whether a different opinion from that which he has given is entertained by other well-informed experts.” C. Gamble, McElroy’s Alabama Evidence, § 142.01(5) (3d ed. 1977). Furthermore, in Hagler v. Gilliland, 292 Ala. 262, 292 So.2d 647 (1974), the court held that differences in testimony from other expert witnesses go to the weight of the evidence rather than its admissibility. Additionally, in Maslankowski v. Beam, 288 Ala. 254, 259 So.2d 804 (1972), the court held that an objection to expert testimony on grounds of inadequacy of fact would also go to the weight of the evidence rather than its admissibility.
We hold that when the state initially values property at a stated value, and following an appeal by the taxpayer, seeks to prove a higher value at trial, the initial assessment should be admitted into evidence, at least as an admission against interest. Such an assessment is clearly material and relevant and to exclude such evidence is reversible error requiring a new trial.
We reverse and remand for a new trial.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and RUSSELL, J„ concur.