ROBERT P. BRADLEY, Retired Appellate Judge.
This appeal involves damages arising from a traffic collision.
The plaintiff filed a complaint in the District Court of Mobile County seeking damages resulting from a rear-end collision with the defendant. The district court rendered judgment for the plaintiff and awarded $5,000 in damages.
The defendant appealed this decision to the Circuit Court of Mobile County. The case was retried without a jury, and the circuit court also awarded the plaintiff $5,000 in damages. The defendant subsequently filed a motion to alter, amend, or vacate the circuit court’s judgment and this motion was denied. The defendant appeals.
The record yields these facts: On the morning of July 22, 1989 the plaintiff was traveling directly in front of the defendant *403 on Interstate 10. The road was slick from rain and the traffic was unusually heavy. A car traveling well ahead of the defendant suddenly raced off the road and into a ditch on the left. This occurrence caused traffic to slow down, and the plaintiff applied his brakes. However, the defendant did not immediately notice that the plaintiff was slowing down. When the defendant did return his attention to the car directly ahead of him, he immediately slammed on his brakes and began to slide. The defendant could not stop the vehicle or take evasive action and thus slammed into the plaintiff’s vehicle.
The defendant argues that the “sudden emergency” doctrine applies in this case and should protect him from liability for the accident. This doctrine generally states that if a motorist is faced with an emergency situation through no fault of his own, he is not to be held to the same correctness of judgment and action as if he had time and opportunity to fully consider the situation. Williams v. Worthington, 386 So.2d 408 (Ala.1980). This doctrine will apply only where the emergency is sudden and is not the fault of the one seeking to invoke it. Friedlander v. Hall, 514 So.2d 914 (Ala.1987). It is a question for the finder of fact as to whether the doctrine is properly applicable, Rollins v. Handley, 403 So.2d 914 (Ala.Civ.App.1980), and this court will not reverse the finding on this question unless it is clearly and palpably wrong. Kershaw v. Knox Kershaw, Inc., 523 So.2d 351 (Ala.1988).
At trial, the defendant admitted that he looked away from the road when a car traveling a quarter of a mile ahead of him suddenly ran off the road into a ditch. The defendant further admitted that he was too distracted to see that the plaintiff, directly in front of him, had slowed down until it was too late to avoid the collision. The defendant also testified that he noticed several accidents which had already occurred on the interstate at that time due to the rain and heavy traffic.
The Alabama Supreme Court has held that a motorist is required to have his vehicle under control so that he does not drive into the rear of a vehicle which has properly and lawfully stopped to wait for traffic to clear. Jones v. Lyons, 540 So.2d 729 (Ala.1989). In such a situation, a motorist’s lack of attention to the stopped vehicle does not constitute an emergency that would invoke the sudden emergency doctrine. Jones.
In this case the undisputed testimony contained in the record shows that the accident was caused by the defendant’s inattention to the traffic directly ahead of him, at a time when driving conditions were unusually hazardous. Moreover, the defendant himself admitted that he was aware of these hazards and of the need for attentive driving. The defendant had noticed other accidents that were produced on that same morning because of the unsafe conditions. In short, there is simply no evidence to indicate that an emergency existed that was not caused by the defendant’s inattentiveness. Accordingly, we find no error in the trial court’s finding on this issue.
The defendant next argues that the trial court’s award of $5,000 to the plaintiff was not supported by the evidence.
At trial, the plaintiff opined that his car, a 1983 Chevrolet Blazer, was worth approximately $5,000 at the time of the accident. The plaintiff did concede that he had paid only $4,200 for the car about a year prior to the accident; however, the plaintiff testified that he had invested in new tires and a stereo system that elevated the car’s value.
The defendant claims that the plaintiff could have salvaged the new tires, stereo, and other parts of the vehicle after the accident and concludes that he should not be held liable for the car’s entire value.
In reviewing a judgment of damages, it is not necessary for us to calculate precisely how the trial court arrived at its figure, nor is it our province to substitute our judgment for that of the court. Edwards v. Strong, 465 So.2d 368 (Ala.1985). The court’s verdict is presumed to be correct and will not be set aside unless it is *404 manifestly unjust or against the preponderance of the evidence. Edwards.
At trial, the plaintiff testified that the car was totaled in the accident. The plaintiff stated that the new tires were blown out and the stereo system was ruined. The defendant did not offer evidence to disprove these statements. In view of this, we find that the trial court’s judgment is supported by the evidence and must be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.