Charles W. Moore, Jr., appeals from a judgment based on a jury verdict in favor of Charlotte Horton. This case is before this court pursuant to § 12-2-7(6), Ala. Code 1975.
On July 21, 1994, Moore, a passenger in a car driven by his girlfriend, Gena Burton, was injured when the front end of Horton's car collided with the rear end of Burton's car. On March 15, 1995, Moore sued Horton, alleging negligence and/or wantonness. Burton, by and through her parents, also sued Horton for injuries received as a result of the accident. Horton pleaded the defense of contributory negligence. The cases were consolidated for trial and were tried by a jury.
After all the evidence was presented, Horton requested that the trial court instruct the jury on the sudden emergency doctrine; Moore and Burton made objections, which were overruled. On February 26, 1996, the jury returned a verdict in favor of Horton. Thereafter, Burton and Moore filed separate post-judgment motions for a new trial. Following a hearing, the trial court denied their motions and entered a judgment based on the jury verdict.
Moore appeals from the denial of his motion for a new trial, contending that the jury verdict was against the great weight and preponderance of the evidence because, he says, the trial court improperly charged the jury on the sudden emergency doctrine. Specifically, Moore contends that it was error for the trial court to give the oral charge to the jury because, he says, Horton contributed to the emergency by speeding and by failing to keep a proper lookout as she crested the hill. We would note that Burton does not appeal.
The dispositive issue on appeal is whether the trial court erred in charging the jury on the sudden emergency doctrine.
Our review of the record reveals the following pertinent facts: During the trial Burton testified as follows: She was waiting to make a left turn into oncoming traffic; she saw an eighteen-wheeler coming down the hill in the right lane and a blue Chevrolet Caprice automobile, which was driven by Horton, in the left lane; she turned into the left lane of oncoming traffic; and she was travelling approximately 40-45 miles per hour when her car was rear-ended by Horton's car. Moore corroborated Burton's testimony *Page 23 
and added that they had traveled approximately 300 feet in the left lane before the impact occurred. Moore testified that he thought that Burton had enough time to pull out in front of Horton's car.
Horton's testimony regarding the accident was contrary to Burton and Moore's testimony. Horton testified that she was initially behind the eighteen-wheeler in the right lane; that the eighteen-wheeler was travelling at a slower speed; that she proceeded to pass the eighteen-wheeler when the left lane was clear; that when she proceeded around the eighteen-wheeler and topped the crest of the hill, she saw Burton's car for the first time; and that she immediately applied her brakes as fast as she could, but was unable to stop in time to avoid the collision. Horton also testified that she was traveling approximately 60-65 miles per hour in order to pass the eighteen-wheeler. The speed limit on the highway was 55 miles per hour. Horton stated that the only thing she noticed before the impact was that the left rear wheel of Burton's car was still on the left edge of the roadway.
At the outset we note that this court, in Polansky v. Dixon,587 So.2d 401, 403 (Ala.Civ.App. 1991), stated the following well-settled rule of law regarding the sudden emergency doctrine:
 "This doctrine generally states that if a motorist is faced with an emergency situation through no fault of his own, he is not to be held to the same correctness of judgment and action as if he had time and opportunity to fully consider the situation. This doctrine will apply only where the emergency is sudden and is not the fault of the one seeking to invoke it. It is a question for the finder of fact as to whether the doctrine is properly applicable, and this court will not reverse the finding on this question unless it is clearly and palpably wrong."
(Citations omitted.)
We reiterate that "as a general rule, it is a question for the jury whether an emergency exists, whether it was created by the one seeking to invoke the rule, and whether [the defendant's] conduct under all the circumstances amounts to negligence." Friedlander v. Hall, 514 So.2d 914, 915
(Ala. 1987). "[W]hen the evidence presents a question of fact as to whether the defendant contributed to the emergency, the giving of the charge is proper and the jury must determine whether the defendant was faced with a 'sudden emergency.' "Williams v. Worthington, 386 So.2d 408, 409 (Ala. 1980).
In the instant case the evidence was conflicting because Horton argued she did not see Burton's car until she crested the hill and that she applied her brakes immediately, but was unable to avoid the collision. Horton's testimony also indicated that Burton may have pulled out in front of her. Moore's testimony, on the other hand, indicated that Burton had traveled approximately 300 feet after she pulled into the oncoming traffic and that she was travelling approximately 45 miles per hour when the collision occurred.
We would note that there are certain situations where it would be prejudicial error for the trial court to instruct the jury on the sudden emergency doctrine. Miller v. Dacovich,355 So.2d 1109 (Ala. 1978). However, in the instant case there was conflicting evidence presented as to whether Horton's actions contributed to the emergency. And, the trial court specifically pointed out to the jury that Horton could not prevail under the sudden emergency doctrine if it found that Horton's own conduct contributed to the emergency. Hence, a question of fact existed for the jury, and the giving of the charge by the trial court was not error.
Additionally, we would note that jury verdicts are presumed correct, and that presumption is strengthened by the trial court's denial of a post-judgment motion for a new trial.Brown v. Lawrence, 632 So.2d 462 (Ala. 1994).
Based on the foregoing, we conclude that the trial court did not err in denying Moore's post-judgment motion for a new trial. Consequently, the judgment based on the jury verdict is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status *Page 24 
as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the Judges concur.